CASE 48—PETITION ORDINARY.—FEBRUARY 28.

# Leatherman v. Times Company, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

88   291
120  657

88   291
j124   25

SUING WRONG PARTY—LIMITATION.—When a plaintiff brings his action against the wrong party, and, after the statute of limitation has fully run, amends his petition and brings in new parties as defendants, the new parties thus brought in may rely upon the statute of limitations as a defense.

"The Times Company" was sued as a corporation for an alleged libel, and answered without disclosing whether or not it was an incorporated institution. After more than a year the defendant filed an amended answer, setting up the fact that it was not incorporated, and thereupon the plaintiff filed an amended petition, alleging that the allegation of the original petition that the defendant was a corpo-

ration was a mistake, and that the "Times" was a private concern owned and published by certain individuals as partners, who were made defendants, and, upon being summoned, filed an answer pleading the one year's statute of limitations. The original summons was served on one of these defendants as the business manager of the supposed corporation. *Held*—That the action is barred.

J. M. CHATTERSON AND BAKER, KINNEY & KINNEY FOR APPELLANT.

One sued and answering to the merits, can not subsequently plead that there was a misnomer, and interpose the statute of limitations that would not have availed at the time of the first answer. (Heckman v. L. & N. R. R. Co., 9 Ky. L. R., 297; Sherman v. Proprietors of C. Riv. B., 11 Mass., 338; Smith v. Bowker, 1 Mass., 76; Valentine v. Mahoney, 37 Cal., 389; Russell v. Mallon, 38 Cal., 297; McLung v. Evesding, 54 Cal., 168; First Nat. Bk. of Baltimore v. Jaggers, 31 Md., 38; L. & N. R. R. Co. v. Hall, 12 Bush., 131.)

F. HAGAN FOR APPELLEES.

1. The filing of a petition against an alleged corporation, and issuing and service of summons upon a person designated as its chief officer, is not the beginning of an action against the individual person so served with process. (Butts v. Turner, 5 Bush, 435.)

2. If the plaintiff mistakes his remedy, and subsequently makes new parties by amendment, the action as to the new parties is not begun until the filing of the amendment and the issuing of summons for the new parties. (Cecil v. Sowers, 10 Bush, 96; Wood on Limitations, 177, 362, 622; 4 Ind., 431; 1 Cheves (S. C.), 209; 2 Munf. (Va.), 511; McDonald v. Underhill, 10 Bush. 582; 12 Hun. (N. Y.), 173; 24 Pa. St., 429; 46 Ga., 126; 52 Miss., 541.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, in November, 1884, commenced action against the Times Company as an incorporated institution for the purpose of printing and publishing a newspaper, called the Louisville Times, &c., and Dr. Keller. The appellant sought to recover damages for an alleged libel published in said paper upon him. The appellant dismissed the action as to Dr. Keller.

An answer was filed in the name of the Times Company, without disclosing whether or not it was an

incorporated institution or merely a private concern, alleging the truth of the libelous matter charged. The pleadings having been made up for more than a year, the Times Company filed an amended answer, disclosing the fact that it was not incorporated. Thereupon the appellant filed an amended petition, setting up the fact that his allegation that the Times Company was a corporation was a mistake, and that the Times was a private concern, owned and published by the appellees, Haldeman & Logan, as partners. These two persons were summoned to answer this amended petition. They answered, among other things, that more than one year having elapsed since the publication complained of, the action against them was barred by the statute of limitations of one year. The lower court, deeming the reply to this plea insufficient, sustained a demurrer to it, and the appellant, declining to plead further, his action was dismissed. The sole question is, was the demurrer properly sustained?

The appellant, in support of his contention that the demurrer was improperly sustained, relies upon the case of Heckman's adm'r v. Louisville & Nashville Railroad Co., 85 Ky., 631.

In that case the administrator, by mistake, sued the Louisville, Cincinnati & Lexington Railway Company for an injury to his intestate, resulting in his death. An answer was filed, apparently in the name of said company. It was discovered afterwards that the Louisville & Nashville Railroad Company operated the road, and did the injury complained of, instead of the Louisville, Cincinnati & Lexington Railroad Company, and that the Louisville & Nashville Railroad

Company had, in fact, filed the answer. Upon the discovery of the mistake, the true state of case, by amendment, was set up, and judgment was asked against the Louisville & Nashville Railroad Company. To the action, as amended, the Louisville & Nashville Railroad Company interposed the plea of the statute of limitations. It was held that where a person, against whom a cause of action exists, is sued by the wrong name, and a summons is served upon him, though in his wrong name, and he appears and files an answer, though in the name by which he was sued, he is thereby effectually brought before the court. Thus, if a person, having a cause of action against A, sues him in the name of B, and A is served with summons in the name of B, and answers in that name, he thereby adopts the alias, and effectually brings himself before the court.

Here the attempt was made to bring the Times Company before the court as a corporation, and to recover judgment against it as a corporation, but no such corporation was in existence; therefore, the Times Company, representing individuals as partners, and not a corporation, such individuals were not brought before the court by filing the action against the Times Company and issuing summons thereon in that name alone. Had the appellees been made defendants to the original action, in connection with the Times Company as an alleged corporation, and had been summoned and answered, or had appeared and answered without having been summoned, in such case the mistake in suing the Times Company as a corporation would not have availed the appellees on their plea of the statute of

limitations. But the appellees, as the owners of the Times, were not made defendants until more than a year after the cause of action had accrued; therefore, this case is wholly unlike the Heckman case, *supra.* But the case falls within the principle that where a plaintiff commences his action against the wrong party, when no such party was in existence, and, after the statute of limitations has fully run, amends his petition by bringing in new parties as defendants, the parties so brought in may successfully rely upon the statute of limitations as a defense. Also, as intimated, the bringing of the action against the Times Company by that name, did not have the effect of bringing the individual members of the company before the court, nor of suspending the statute of limitations as to them. For the statute of limitations is not suspended by merely filing the petition in the proper court, but a summons must be issued against the defendants before the statute is suspended.

The fact that the original summons was served by the sheriff upon the appellant, Logan, as the business manager of the supposed corporation, defendant, did not have the effect to bring him before the court as a defendant.

The judgment is affirmed.