FRANCIS J. ERSKINE v. CHARLES McILRATH.[1]

April 22, 1895.

No. 7950.

**Substitution of Defendant by Amendment to Complaint.**

An action was brought against the defendant for damages for personal injury caused by the negligence of his servants in operating his railroad. He appeared and answered by his attorney, who gave plaintiff leave to amend his complaint. Plaintiff amended by charging defendant as receiver of a railroad company and as operating said railroad as such receiver, under the order of the court, and charged that such injury was caused by the negligence of his servants in so operating the same. The amended complaint was served on said attorney, who admitted due service of the same, and within three days moved to strike out the amendments. *Held,* the motion was properly granted; that the defendant was not liable in his individual capacity for the negligence of servants employed by him as such receiver; that the amendment really amounted to an attempt to substitute one defendant for another; and that it could not be presumed that defendant's attorney had authority to consent to such substitution, or to appear for the defendant in his capacity as receiver.

Appeal by plaintiff from an order of the district court for Ramsey county, Egan, J., granting a motion to strike out certain allegations of the amended complaint. Affirmed.

[1] Reported in 62 N. W. 1130.

*J. B. Brisbin, J. H. Ives,* and *J. A. Lovely,* for appellant.
*W. H. Norris,* for respondent.

CANTY, J.   Plaintiff brought an action on behalf of his infant son, under the statute, and in his complaint alleged that on July 20, 1876, said defendant was operating a certain line of railroad, and that said infant son was injured by reason of the negligence of defendant's servants engaged in operating his construction train on said railroad.   Defendant appeared and answered, and thereafter gave plaintiff leave to amend his complaint, as appears by two letters written by defendant's attorney to plaintiff's attorney.   In the last letter it is stated:   "We much prefer to try the case as soon as May, unless your intended amendments so revolutionize our present plan of trial as to require further preparation in proofs or law." The plaintiff served an amended complaint on defendant's attorney, who admitted due service of the same.   The original complaint was against defendant in his individual capacity, but the amended complaint attempted to change the action into one against the defendant as receiver of the Southern Minnesota Railroad Company, and alleges that he was appointed such receiver in a suit to foreclose a mortgage on that railroad, and was operating the road as such receiver.   Within three days, one of which was Sunday, after said defendant's attorney so admitted service of said amended complaint, he made a motion to strike all the amendments out of the amended complaint, the same being all the allegations going to show that defendant was such receiver, on the ground that the same were not permissible amendments, and that the amended complaint constituted a new and different cause of action from that set up in the original complaint.   The court granted the motion, and plaintiff appeals.

We are of the opinion that the motion was properly granted.   The amendment was not merely a change of the grounds or cause of action against the same defendant, but really amounted to the substitution of one defendant for another.   The defendant's liability arises only by reason of the doctrine of respondeat superior.   In his individual capacity he was not the master of the servants whose negligence caused the injury.   He was such master only in his capacity of receiver.   He is not personally liable for the negligence of such

servants employed by him in operating a railroad under the orders of the court. High, Rec. §§ 255, 295. It cannot be presumed that the attorney of the defendant, sued in his individual capacity, has authority to·stipulate for the substitution of said defendant in his capacity as receiver, and appear for him in such new capacity. The burden was on the plaintiff to show that such attorney had such authority, and plaintiff failed to show it. If, for a considerable length of time after such substitution, the action had proceeded without objection against the defendant in his capacity as receiver, it might be evidence of the attorney's authority to consent to such substitution, or of ratification of his act in so consenting. But the action did not so proceed for a considerable length of time. The act of the attorney was promptly repudiated.

Order affirmed.