# Bank of Guntersville *v.* Crayter.

### Bill to Determine Funds.

(Decided April 5th, 1917. 75 South. 7.)

1. **Banks and Banking; Deposits of Funds; Special Deposits; Notice.**— Where a debtor deposited funds in a bank account entered as "J. L.. B., Agent," the bank was chargeable with notice that the funds were deposited in the capacity of agent only.

2. **Banks and Banking; Right to Deposits; Debts to the Bank; Pleading; Sufficiency.**—In a general creditor's suit against a bank in which the debtor deposited funds of the creditor as agent for him which the bank applied to his debt which it held, the strict rules of pleading should not be applied, no bona fide purchaser being involved.

3. **Banks and Banking; Lien on Deposits.**—No lien in favor of the bank exists as to special deposits except as to the particular special matter or dealing which the deposit affects.

4. **Banks and Banking; Lien on Deposits.**—To establish the lien of a bank upon deposits it must have given credit upon the faith of a deposit which must be general, and it may then, if the debt is past due and without the consent of the depositor, apply such deposit to the indebtedness, but it cannot set off a fund as against a debt not due.

5. **Banks and Banking; Lien on Deposits.**—Where agent of a money lender deposited funds in a bank, the account being entered as "J. L. B., Agent," and borrowed money from the bank, the bank could not before its debt was due apply such deposit to payment thereof as against the money lender, since it had notice of the special character of the deposit.

APPEAL from Marshall Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Suit between the Bank of Guntersville and Earl M. Crayter. From a decree in favor of Crayter, the bank appeals. Affirmed.

This is a contest in chancery between the appellant bank and the appellee as to moneys or funds deposited in the bank by one J. L. Burke, an agent of appellee, and who was also a debtor of, and depositor in, the appellant bank.

The funds were deposited by Burke in the bank, the deposit being entered in the name of "J. L. Burke, Agent," and a part thereof was drawn out on checks signed, "J. L. Burke, Agent," and these checks or the proceeds thereof were paid to appellee.

There is no dispute that the deposited moneys belonged to appellee, and that they were sent to Burke, as an agent, to be lent out for the benefit of appellee, nor that some of the funds were so lent out and the proceeds paid to appellee.

While it is not shown that the bank had any direct notice that the specified deposits were the funds of appellee, it is shown that the bank knew that Burke was a loan agent, and was lending moneys of his clients, and, as such agent, was making deposit of the funds received by him in such capacity, in the appellant bank.

Burke was a debtor of the bank to the amount of $550, as evidenced by his two notes, one for $300, due November 12, 1914, on which one H. C. Henderson was surety, and one for $250, due November 28, 1914, on which one Gordon Gilbreath was surety. Burke died on the 4th day of October, 1914, before either note was due; and on the 20th day of October, 1914, the bank applied enough of the funds deposited by J. L. Burke, agent, to pay these notes.

On the 28th day of October, 1914, eight days after the bank had thus applied the funds on deposit to the payment of the two notes, but before either note was due, appellee gave the bank written notice that the funds so deposited were the money of appellee.

The chancellor decided that the application of the funds to the payment of the notes was wrongful, and that, as between the parties, the funds belonged to appellee; and respondent appeals.

JOHN A. LUSK & SON for appellant . D. ISBELL for appellee.

MAYFIELD, J.—We are of the opinion that the chancellor found and decreed correctly.

(1) The bank was clearly chargeable with notice that the funds deposited by Burke were deposited by him in his capacity of agent for another, though the account was entered simply as that of "J. L. Burke, Agent."

(2) The strict rules of pleading or of commercial law should not be applied to a proceeding like this in a court of equity, where

[Bank of Guntersville v. Crater.]

no bona fide purchaser is concerned. The bank either knew absolutely or was chargeable with notice that the moneys or funds so deposited by Burke were not the property of Burke, but that of some principal or client of his; and the notice was such that, if the bank had followed it up with due diligence, the inquiry would have elicited the truth of the matter. At any rate the bank did so ascertain the truth before the notes were due, and before it could rightly apply even the funds of the bank to the payment of such notes. The bank could not have recovered a cent of Burke on these notes had he been living when it so applied the funds to their payment, because the notes were not due; and if no recovery could be had by a suit, assuredly a court of equity will not permit the bank to collect its notes before due, and after the death of the maker, by paying them out of funds belonging to other parties. Whatever fault there was in the failure to show by the deposit entries the real ownership of the funds, was either that of the bank receiving the deposit, or of the agent making the deposit, and not that of appellee except in so far as he was bound by the act of his agent. The bank, however, knew that he was the agent of some one, and was not making the deposit for himself; and there is no evidence to show that the bank parted with anything of value on account of the deposit.

(3) The bank evidently acted on the theory that a bank has a general lien on the moneys, funds, or general deposits of its customers coming into its hands in due course of business, as for any balance due it by the particular customer as for notes or bills past due, overdrafts, etc. No such lien exists, however, as to special deposits, except as to the particular special matter or dealing.—*Lehman's Case,* 64 Ala. 567; *Wynn's Case,* 179 Ala. 497, 60 South. 313. See numerous cases cited in note 111 Am. St. Rep. 419.

(4) The reason given for the laws creating the lien is that the bank gives credit to the depositor by allowing overdrafts, or permitting notes or bills to become overdue, on the faith of the general deposit then in its hands, which it can at any time apply to the payment of its debt then past due. To justify the lien, there must be given credit upon the faith of the deposit then on hand, and it must be a general deposit and not a special one. In such cases, if the debt to the bank is past due, it may, without the consent of the depositor, apply a general deposit to the past-due indebtedness to it. If the bank is sued by a depositor as for

a general deposit, or for failure to pay a check when it has funds in hand from which the order could be paid, it may set off a debt then due it by the depositor; but it cannot, without the consent of the depositor, apply or set off a fund as against a debt not then due.—*Bank v. Mayer*, 104 Ala. 634, 16 South. 520.

(5) This rule, however, does not apply to cases where a trustee, agent, or broker deposits funds of his beneficiary, or principal, and the bank has, or is chargeable with actual notice of the trust character of the deposit. Nor has the bank such a lien upon funds deposited for a special purpose, if it has notice or is chargeable with notice of such special purpose.

We feel perfectly sure that the bank had no right to apply the deposit in question as it is shown it did; and the decree of the chancellor is in all things affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.