(84 South. 400)

COCHRANE et al. v. FULLER.   (2 Div. 205.)

(Court of Appeals of Alabama.   Nov. 18, 1919.)

1. RAILROADS ⬤268—FAILURE TO PROVE DEFENDANTS WERE RECEIVERS ENTITLED THEM TO AFFIRMATIVE CHARGE.

In an action against receivers of railroad for injuring a mule, where plaintiff failed to prove defendants were receivers of the railroad, that the injury done was done by their agents, and also that defendants were operating a railroad, the court should have given the affirmative charge for defendants; such matters being material averments of complaint.

2. LIMITATION OF ACTIONS ⬤125—BAR OF LIMITATIONS CANNOT BE AVOIDED BY AMENDMENT.

Though, when an individual is sued in personal capacity, complaint may be amended to make suit stand against him in his representative capacity as receiver, amendment cannot have relation to commencement of suit to avoid bar of limitations if statute would operate as bar to new suit commenced at time of amendment.

3. PARTIES ⬤71—SUIT HELD AGAINST RECEIVERS PERSONALLY.

Suit as originally filed against defendants "receivers of" a railway was against defendants personally; the following words being merely descriptio personæ.

4. PARTIES ⬤59(4) — AMENDMENT HELD TO BRING IN RECEIVERS AS SUCH.

Amendment of complaint against defendants "receivers of" a railway, to make the suit against them "as receivers" of the railway, brought into court for the first time the receivers as such.

**5. LIMITATION OF ACTIONS ☞125—RECEIVERS MADE PARTIES ONLY AFTER LIMITATIONS PERIOD COULD TAKE ADVANTAGE OF DEFENSE.**

Where defendant receivers of a railway were never brought into court as such by amendment of complaint originally against them personally until after the one-year statute of limitations, Code 1907, § 4840, had run, they had a right to file plea of limitations, and to take advantage of such defense.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Suit by H. C. Fuller against John T. Cochrane and M. W. Thompson as receivers of the Alabama, Tennessee & Northern Railway. From judgment for plaintiff, defendants appeal. Reversed and remanded.

Armbrecht, Johnston & McMillan, of Mobile, for appellants.

As to the receivers, the suit is barred by the statute of limitations of one year.

Section 4840, Code 1907; 109 Ala. 495, 19 South. 705; 57 Ala. 168; 56 Ala. 390; 200 Ala. 90, 75 South. 466; 165 Ala. 411, 51 South. 871. There was no evidence that the defendants were the receivers or operated any trains over the Alabama, Tennessee & Northern Railroad. 130 Ala. 561, 30 South. 367.

D. M. Boswell, of York, for appellee.
No brief reached the Reporter.

BRICKEN, P. J. H. C. Fuller (appellee) brought suit against the appellants, receivers of the Alabama, Tennessee & Northern Railway for damages done to his mule. Originally the complaint was filed against "John T. Cochrane and M. W. Thompson, receivers," etc., and was filed on January 31, 1917. The action was based upon an alleged injury inflicted on July 16, 1916. On September 10, 1918, the complaint was amended by adding the word "as" before the word "receivers" so as to make the complaint one against "John T. Cochrane and M. W. Thompson, as receivers of," etc. After the complaint was so amended, the defendants were permitted to file and did file an additional plea setting up the statute of limitations of one year, and also filed an amended plea of the general issue. The cause was tried upon the plea of the general issue and the statute of limitations of one year. The complaint was in the following language:

"Plaintiff claims of the defendants the sum of $250 for that whereas heretofore, on, to wit, July 16, 1916, defendants were operating a railroad in said county of Choctaw on which railroad defendants were operating by its employés locomotive trains and cars; that on said day and date and in said county, about 300 yards north of the depot at West Butler, Ala., and near a public crossing on said railroad, the said defendants, by their agents, servants, and employés who were in charge of said locomotives, trains, and cars, did so carelessly and negligently operate said locomotive trains and cars as to allow said locomotive, trains, and cars to strike, run over, against, or upon a mule, the property of the plaintiff, in such a way that said mule was so badly crippled and mangled as to render her worthless to plaintiff, to the damage of the plaintiff in the sum of $250; wherefore he brings this suit and demands judgment for $250 together with costs of suit."

The plaintiff offered evidence showing injury done to his mule on July 16, 1916, and there was evidence tending to show that the injury was done by a train on the Alabama, Tennessee & Northern Railway. There was no direct proof of the injury done to the mule by the train, but the proof showed sufficient facts to warrant the finding that the injury was done by a train on the Alabama, Tennessee & Northern Railway. Sou. Ry. Co. v. Blankenship, 14 Ala. App. 261, 69 South. 591.

There was no proof offered that the defendants were receivers of the said railroad or that they were operating trains on the railroad as alleged in the complaint. The defendants offered no evidence.

At the conclusion of the evidence the court gave the affirmative charge in writing for the plaintiff, and refused to give the affirmative charge requested in writing by the defendants. The rulings of the court are assigned as error.

[1] The court below erred in refusing to give the affirmative charge for the defendants. The plaintiff failed to prove that the defendants were receivers of the Alabama, Tennessee & Northern Railway, and that the injury done to the mule was done by agents, servants, or employés of the defendants, and also failed to prove that defendants were operating a railroad. These were material averments in his complaint, and failure to prove same entitled defendants to the affirmative charge. McGhee v. Cashin, 130 Ala. 561, 30 South. 367. We quote from this case as follows:

."It is averred in the complaint that the persons who ejected plaintiff from the train were employés or agents of defendants, who as receivers were operating the railroad. This most material averment was put in issue by the plea of not guilty, and proof of it was essential to recovery. * * * In the record there is a total absence of evidence to show or from which to infer that at the time of the alleged wrong defendants were receivers of or operated the road or had any control over, or relation with, any person connected with its operation, nor is there anything to show that defendants waived the production of such proof. * * *"

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It results from this omission of evidence to connect defendants with the alleged wrong that the refusal of the general affirmative charge requested in writing by defendant was error.

The most important question presented on this appeal, one that must be conclusive of further proceedings in this case, is the effect of the amendment to the complaint; said amendment, as it does, changing the action against defendants personally or as individuals to that of any action against them as the receivers of the Alabama, Tennessee & Northern Railway.

[2] It has been held that under the statute of amendments, when an individual is sued in his personal capacity, the complaint may be amended so as to make the suit stand against him in his representative capacity. Lucas v. Pittman, 94 Ala. 616, 10 South. 603. But such amendments cannot have relation to the commencement of the suit, so as to avoid the bar of the statute of limitations, if the statute would operate a bar to a new suit commenced for that cause of action at the time of making the amendment. Nelson v. First National Bank of Montgomery, 139 Ala. 578–588, 36 South. 707, 101 Am. St. Rep. 52.

[3] The question here is: Was the effect of this amendment such as would render the statute of limitations of one year (Code 1907, § 4840) available to defendants named in the complaint after it was amended. We are of the opinion that it would. The alleged injury to plaintiff's mule was committed on July 16, 1916. This action was first instituted in January, 1917, and was originally brought against John T. Cochrane and M. W. Thompson, "receivers of the Alabama, Tennessee & Northern Railway." Under the universal holdings in this court and of the Supreme Court, and in the courts generally, the suit as originally filed, and, until the amendment above referred to was made, was against the parties named personally, and the words "receivers of the Alabama, Tennessee & Northern Railway" are merely descriptio personæ, Ferrell v. Ross, 200 Ala. 90, 75 South. 466, and cases cited; 31 Cyc. 99.

[4, 5] At the trial of the case on September 10, 1918, more than two years after the alleged injury, the plaintiff amended his complaint so as to make the suit against John T. Cochrane and M. W. Thompson, "as receivers," etc., the effect of the amendment being to bring into court for the first time the receivers of the Alabama, Tennessee & Northern Railway, as such. The suit as originally brought was against John T. Cochrane personally and M. W. Thompson personally, and, as the suit was brought within the one-year statute of limitations, these parties could not have pleaded that statute as a defense to the action. However, the receivers as such were never brought into court until after the one-year statute of limitations had run, and it is clear that they had a right to file the plea and to take advantage of this or any other available defense. Had a new suit then commenced for the same cause of action, it is not contended that it could have been maintained, and we can see no substantial difference between the commencement of a new suit and the filing of this amendment making new parties defendant for the same cause of action. The defense interposed by the plea of the statute of limitations was meritorious, and, it being conceded that the statute had run before the filing of this amendment, the defendants were entitled to the general affirmative charge under this plea.

In Wilson, Adm'r, v. Holt, 91 Ala. 204, 8 South. 794, the court said:

"There can be no sort of doubt, we apprehend, that the amendment by which these parties were brought in must stand upon the same footing, so far as their defense of staleness of demand is concerned, as if it were an original action; and hence any relief sought against them must be considered, in respect of the diligence with which they have been impleaded, from the standpoint of the amendment, and without reference to the filing of the original bill."

In the case of Seibs v. Engelhardt, 78 Ala. 508, the action was commenced against the husband alone, and on the bringing in of the wife by amendment after expiration of the time in which to file the lien the statute of limitations was held to be a complete bar in her favor. In this case Stone, C. J., speaking for the court said:

"To this amended complaint Mrs. Seibs pleaded the statute of limitations * * * so far as it proceeded against her property. * * * The amendment introduced a new party, and as to her it was the commencement of the action. The statute of limitations was a complete bar, so far as she was concerned."

In the case of Nelson v. First National Bank, 139 Ala. 578–587, 36 South, 707–709, 101 Am. St. Rep. 52, the court said:

"Where the amendment consisted in adding the name of the husband as a party plaintiff with the wife, in whose name the suit was originally instituted, it was held that the amendment was not allowable, for that it introduced a new claim, and changed the character of the suit from that of the wife to that of the husband, though the cause of action remained the same, and it could not relate back to the commencement of the suit, to prevent the operation of the bar of the statute, which was complete at the date of the filing of the amendment."

It has been well said that—

"The doctrine of the relation back of amendments to the commencement of a suit is a fiction of law, and should never be applied where it would operate to cut off a substantial right

or defense to new matter introduced by the amendment though connected with the original cause of action." Nelson v. First National Bank, supra.

In Leatherman v. Times Co., 88 Ky. 291, 11 S. W. 12, 3 L. R. A. 324, 21 Am. St. Rep. 342, it was said:

"When a plaintiff brings his action against the wrong party, and, after the statute of limitation has fully run, amends his petition and brings in new parties as defendants, the new parties thus brought in may rely upon the statute of limitations as a defense."

See, also, Nelson v. First National Bank of Montgomery, 139 Ala. 578, 36 South. 707, 101 Am. St. Rep. 52; Barker v. A., O. & O. Street Ry. Co., 92 Ala. 314, 8 South. 466; Mohr v. Lemle, 69 Ala. 180; Manistee Mill Co. v. Hobdy, 165 Ala. 411, 51 South. 871, 138 Am. St. Rep. 73; Shuler v. Meyers, 5 Lans. (N. Y.) 170; Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S. W. 279, 124 Am. St. Rep. 388; Proctor v. Well Bros. Co., 262 Ill. 77, 104 N. E. 186, Ann. Cas. 1915B, 273; Boyd, Recr. v. Mutual Fire Association, 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171, 61 L. R. A. 918, 96 Am. St. Rep. 948; Leatherman v. Times Co., 88 Ky. 291, 11 S. W. 12, 3 L. R. A. 324, 21 Am. St. Rep. 342; 17 R. C. L. 187; Van Cott v. Prentice et al., 104 N. Y. 45, 10 N. E. 257; Francis J. Erskine v. Charles McIlrath, 60 Minn. 485, 62 N. W. 1130; Tenth American and English Annotated Cases, 273, note.

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.