(108 So. 651)

**BRADLEY et al. v. JOHNSON.** (6 Div. 825.)

(Court of Appeals of Alabama. May 18, 1926.)

**1. Appeal and error ☞1039(4)—Complaint using the word "approximately" in alleging "proximate cause," though technically demurrable, held not prejudicial, in view of instructions using the word "proximately."**

Though complaint, using word "approximately" where "proximately" was intended, in stating that railway's negligence proximately resulted in killing of plaintiff's dog, was technically demurrable, overruling of demurrer was without prejudice, where charge required finding that injury was proximate result of defendant's negligence.

**2. Street railroads ☞78—Failure to prove defendants sued as receivers were operating railway, and that injury to dog was done by defendants' employees, held to entitle defendants to general affirmative charge.**

Where plaintiff, suing defendants as receivers of a railway for negligent killing of his dog, failed to prove that defendants were operating railway as its receivers, and that injury was done by employees of defendants, general affirmative charge in defendants' favor should have been given.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action by H. L. Johnson against Lee C. Bradley and J. S. Pevear, as coreceivers of the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Huey & Welch, of Bessemer, for appellants.

The complaint was defective in the use of the word "approximate," and demurrer thereto should have been sustained. Ky. Tr. Co. v. Bain, 161 Ky. 44, 170 S. W. 499; 4 C. J. 1465; Crowley v. West End, 149 Ala. 613, 43 So. 359, 10 L. R. A. (N. S.) 801; Garrett v. L. & N. R. Co., 196 Ala. 52, 71 So. 685. For killing of a dog by a street car, recovery can only be had for negligence after discovery of peril or wantonness. Ex parte Selma S. & R. Co., 177 Ala. 473, 59 So. 169; A. C. G. & A. R. Co. v. Bessiere, 190 Ala. 59, 66 So. 805; A. C. G. & A. R. Co. v. Lumpkin, 195 Ala. 290, 70 So. 162. There is no evidence as to the receivership of defendants, that they were operating the car that is claimed to have killed the dog, that the operatives of said car were servants or agents of the defendants and acting within the line and scope of their employment, nor of negligence on the part of the operatives of the car. The defendants were, hence, due the affirmative charge. Hayes v. A., B. & A. R. Co., 17 Ala. App. 220, 84 So. 556; Cochrane v. Fuller, 17 Ala. App. 230, 84 So. 400; McGhee v. Cashin, 130 Ala. 561, 30 So. 367; Hines v. Schrimscher, 205 Ala. 550, 88 So. 661.

Bumgardner & Wilson, of Bessemer, for appellee.

The error in the complaint is self-correcting. Cargall v. Riley, 209 Ala. 183, 95 So. 821; Sheffield Co. v. Harris, 183 Ala. 357, 61 So. 88; Wilson v. McKleroy, 206 Ala. 342, 89 So. 584. Overruling demurrers was error without injury. Knights, etc., v. Gillespie, 14 Ala. App. 493, 71 So. 67; Looker v. Gulf Coast Fair, 203 Ala. 42, 81 So. 833; Harrell v. Hooks, 16 Ala. App. 571, 80 So. 145; Southern R. Co. v. Harris, 202 Ala. 263, 80 So. 101; Sovereign Camp v. Ward, 201 Ala. 446, 78 So. 824; De Kalb County v. McClain, 201 Ala. 565, 78 So. 961; Birmingham Bottling Co. v. Morris, 193 Ala. 627, 69 So. 85; Brooks v. Muncie & P. T. Co., 176 Ind. 298, 95 N. E. 1006; C. O. & T. R. Co. v. McLaughlin, 43 Tex. Civ. App. 523, 96 S. W. 1091. A variance between declaration and proof must be brought to the attention of the trial court. Stull v. Daniel Mach. Co., 207 Ala. 544, 93 So. 583; Bowdoin v. Chem. Co., 201 Ala. 582, 79 So. 4; Davis v. Stanley, 18 Ala. App. 647, 94 So. 185; Davis v. Dawkins, 209 Ala. 45, 95 So. 188.

RICE, J. This appeal is from a judgment in favor of appellee for $50 damages on account of the negligent killing of a "pot-licker hound."

Appellants have made 36 assignments of error, and by a blanket statement in brief have undertaken to render it necessary that each of them should be treated by this court as having been argued and insisted upon. But we will not.

If briefs would be prepared in strict accordance with the rules, it would greatly simplify the labors of the appellate courts. But we seem to have fallen heir to a sort of loose or liberal practice in that regard, and will, as best we can ascertain them, proceed to treat the points argued in appellant's brief filed on this appeal.

[1] The first error (alleged) committed by the trial court, which is urged upon us as a reason to reverse the judgment appealed from, is its action in overruling the demurrers to counts 1 and 2 of the complaint separately. In each instance, however, the defect in the count is said to consist in the use of the word "approximately," where the word "proximately" should have been used, or was evidently intended to be used, in stating that the negligence of appellants complained of proximately caused appellees' damage, etc.

The argument is ingenious, but cannot prevail. In the first place, we are tempted to say that the error (in the use of the word "approximately") was self-correcting. But under the decisions of our Supreme Court that is unnecessary. In the case of Birmingham Bottling Co. v. Morris, 193 Ala. 627, 69 So. 85, that court said:

"We may look to the evidence, the pleadings, *and the charges* [italics ours], when doubt arises as to the true issues upon which the case was tried, to ascertain the theory upon which the cause was litigated; and by these means the record in this case shows that the case was tried on the correct theory."

That quotation applies here.

And again we quote, as applicable here, what that court said in Looker v. Gulf Coast Fair, 203 Ala. 42, 81 So. 832, as follows:

"However, no prejudicial error could or did result to plaintiff in the rulings on the demurrers to those counts of the complaint, since the meritorious, true issues, tendered by the counts were clearly and correctly submitted to the jury by the court, and no error in the admission or rejection of evidence intervened to affect the bases for the jury's conclusions on the real issues of fact properly passed to the jury for decision."

And from Brooks v. Muncie & P. Traction Co., 176 Ind. 298, 95 N. E. 1006, a case decided by the Supreme Court of Indiana, we take this:

"The word 'approximately' is used in this instruction instead of 'proximately.' The words in meaning are so closely allied that the use of the former, in the connection in which it appears in this instruction, could not have misled the jury, especially in view of other instructions given." .

The trial court, in the instant case, charged the jury, among other things, as follows:

"This is a suit brought by H. L. Johnson against Lee C. Bradley as receiver, etc., for the death of a dog. *It alleges* (italics ours) the plaintiff alleges * * * the agents of the defendant * * * were negligently (negligent) in the operation of that street car, and *as a proximate result of that negligence* they killed the dog of the plaintiff."

And again:

"The only basis on which the plaintiff could recover would be that he reasonably satisfy you that the defendant's car killed the dog, and that the defendant's agents, acting in the line and scope of their employment, were guilty of negligence *which 'proximately' resulted in the death of the dog*," etc. (Italics ours.)

We therefore hold that, while it was technically erroneous for the court to overrule the demurrers to counts 1 and 2 of the complaint, it clearly appears that it was error that did not prejudice any rights of the appellants.

Another question argued by appellants on this appeal has given us more difficulty. It is strongly insisted that the general affirmative charge should have been given in their behalf for two reasons: (1) A failure of proof as to their identity, if we may style it such; and (2) a failure of proof as to the negligence charged.

As to the second reason, we are not prepared to hold that there was not a "scintilla" of proof. There was no motion for a new trial. And appellants' agents simply denied killing the dog at all. The proof of negligence on the part of appellants' agents was slight, if it existed at all, and it might be that a motion for a new trial should have been granted by reason of the paucity of that proof. This, though, we are not deciding now.

[2] The first reason, above, seems to be sound. This court, on good authority, in the case of Cochrane et al. v. Fuller, 17 Ala. App. 230, 84 So. 400, said:

"The court below erred in refusing to give the affirmative charge for the defendants. The plaintiff failed to prove that the defendants were receivers of the Alabama, Tennessee & Northern Railway, and that the injury done to the mule was done by agents, servants, or employees of the defendants, and also failed to prove that defendants were operating a railroad. These were material averments in his complaint, and failure to prove same entitled defendants to the affirmative charge."

The quotation, with proper substitution as to names, descriptions, etc., is in all respects applicable here. For the failure to give, at their request, the general affirmative charge in appellants' favor, the judgment must be reversed.

Some other questions are doubtless argued in appellant's brief in a way that would re-

quire our attention, if they were separated and the argument on some of them not mixed with the argument on some others of them.

We will say, in passing, that it is not our opinion that in cases of this kind the only negligence for which appellants could be held liable would be either what is known as wanton negligence, or negligence after the discovery of the peril of appellee's property, or what is called subsequent negligence.

Other questions may not arise upon another trial. For the error in refusing to give the affirmative charge in appellants' favor, the judgment is reversed and the cause remanded.

Reversed and remanded.