185 So. 365

**FIRST NAT. BANK OF UNION SPRINGS et al. v. AMERICAN SURETY CO. OF NEW YORK.**

**4 Div. 54.**

Supreme Court of Alabama.

Dec. 22, 1938.

36

Andrews & Andrews, of Union Springs, for appellants.

Steiner, Crum & Weil, of Montgomery, and T. S. Frazer, of Union Springs, for appellee.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a bill in equity.

The bill avers that upon an audit of the accounts of a Judge of Probate after his death it was ascertained he was indebted to the State and County, one or both, in the sum of $619; that complainant, as surety on his official bond, paid this sum, and became subrogated in equity to all the rights of the State.

Section 4 of the bill reads: "That by virtue of the statute laws of the State of Alabama said official bond became a lien on all property of the said W. E. McNair from the date of its execution; that there was on deposit with the said The First National Bank of Union Springs at the time of the death of the said W. E. McNair, the sum of, to wit, Three Hundred Twenty-eight and 14/100 Dollars ($328.-14) having been deposited by him in said Bank while Probate Judge and under an account designated 'W. E. McNair, Probate Judge.' That subsequent to the death of the said W. E. McNair, the said The First National Bank of Union Springs claims to have appropriated or applied the amount of said deposit to a personal indebtedness owed by the said W. E. McNair to it, and has declined to pay said amount to the State of Alabama or to Complainant and is denying its liability therefor. Complainant avers, however, that by virtue of the statute in such cases provided and by virtue of its subrogation rights in the premises, it has a lien on said fund so deposited in said Bank and the right to have this Honorable Court declare and enforce the same and to require the said Bank to account therefor."

The bill prays for the enforcement of the statutory lien on this fund deposited in the bank.

Assignments of demurrer, 3 and 4, read:

"For aught that appears no money belonging to the State of Alabama was placed to said account of W. E. McNair, Probate Judge.

"The bill shows on its face that there is no property in the hands of the defendant Bank upon which a lien can attach."

The bond of the Judge of Probate "is a lien upon the property of the principal from the date of its execution." Code 1923, § 2603.

"The words 'personal property' include money, goods, chattels, things in action and evidences of debt, deeds and conveyances." Code, § 2(3). This meaning is attached to such words unless otherwise apparent from the context.

Upon these statutes appellee bases its claim that the State and County had a lien upon the bank deposit in question, that is to say; the statutory lien upon the private property of the principal pursuant to Code, § 2603, wholly apart from any allegations that this bank deposit represented funds of the State and County.

The earlier statutes provided that the bonds of certain public officers should become a lien on the property of the principal from the date of default. County of Dallas v. Timberlake et al., 54 Ala. 403; Knighton et al. v. Curry et al., 62 Ala. 404.

Under the present statute the lien attaches from the date of execution of the bond.

It is settled by a long line of decisions that the lien created by this statute is in the nature of a blanket mortgage enforcible only in equity upon all the property of the principal owned at the time the bond is executed, or which he has acquired during his term of office.

It is security for any liability arising from malfeasance or misfeasance in office at any time during his term.

If there be no default there is never any enforcible lien as of course. In a sense the lien is inchoate until there is a default.

Most, if not all our cases, have dealt with this lien as affecting real estate. All persons are chargeable with notice of this lien by the record of the bond.

Purchasers or mortgagees of the principal take subject to such lien. Subvendees of lands, being chargeable with notice of their grantors' claim of title, take subject to this statutory lien. Knighton v. Curry, supra; Randolph v. Billing, 115 Ala. 682, 22 So. 468; Singleton et al. v. United States F. & G. Co., 195 Ala. 506, 70 So. 169; Shields et al. v. Hightower et al., 214 Ala. 608, 108 So. 525, 47 A.L.R. 506.

■ This statutory lien, in the nature of it, cannot attach to money, the personal and private funds of the principal. If so, any one receiving money from him in the · ordinary course of business with knowledge that he was at the time a bonded officer, would take subject to such lien, and be responsible for destruction of the lien.

This is at variance with the entire concept of money as a circulating medium in the transaction of business.

Whatever the rule as to tangible personal property, a question not before us, we have no hesitancy in declaring this lien does not attach to the monies of the principal.

■ The State and County, therefore, has no lien on the bank deposit of the officer, his private funds. Whether considered monies of the depositor when held under the banker's relation of debtor and creditor is unimportant.

■ Without question the surety is subrogated to any title or equities of the State and County in this fund. Authorities, supra.

If this deposit represents State and County funds, or either, the surety, on payment of the sum due by·reason of the default, is subrogated in equity to the rights of State and County therein.

■ The deposit in the name of "W. E. McNair, Probate Judge," was sufficient to put the bank on inquiry and so give notice that such funds may be held in an official capacity, and, if so held, the real owner of the funds had a superior claim to the banker's lien on the deposit. Bank of Guntersville v. Crayter, 199 Ala. 599, 75 So. 7, L.R.A.1917F, 460; Wolffe v. State, 79 Ala. 201, 58 Am.Rep. 590; Clemmer v. Drovers' Nat. Bank, 157 Ill. 206, 41 N.E. 728; Bank of Hickory v. McPherson, 102 Miss. 852, 59 So. 434.

There is an alternate prayer in the bill seeking relief on this theory; but the body of the bill is framed on the theory of a statutory lien on private funds.

The demurrers directed to such aspect were well taken, and should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.