2 So.2d 787

**RAILWAY EXPRESS AGENCY, Inc., v. LUVERNE BANK & TRUST CO.**

**4 Div. 594.**

Court of Appeals of Alabama.

April 8, 1941.

Rehearing Denied May 13, 1941.

C. J. Kettler, of Luverne, and Powell & Hamilton, of Greenville, for appellee.

Thompson & Little and Sentell & Sentell, all of Luverne, for appellant.

174

SIMPSON, Judge.

This was a suit on the common counts, plaintiff recovering judgment against defendant for the sum claimed in the complaint. Defendant appeals.

The sole insistence of error is the refusal of the trial court to give for defendant (appellant here) the general affirmative charge. Basis of the suit was:

One C. L. Russell was the local agent of appellant at Luverne, Alabama, working on commissions, and, according to appellant's answers to interrogatories, authorized to accept legal tender only in payment for express charges, etc.

On September 1, 1936, one Rabun, auditor and route agent for appellant, having general authority and supervision over the district in which the Luverne office was located, made an audit of the local office account and found a shortage of $634.47 due appellant by the local agent, Russell. Upon the shortage being mentioned, to Russell, he offered Rabun two checks drawn on out of town banks, aggregating slightly more than the shortage, to settle his account. The checks, dated August 31, 1936, were payable to the order of "C. L. Russell, Agent, REA Inc.", and purported to bear the signature of Harry Stephens. Upon being thus presented with the checks, Rabun explained that credit could not be allowed for them because it was contrary to company rules, cash only being acceptable. In reply, Russell stated that the checks "were good as gold and he would get the cash on them." Whereupon, Rabun replied that "cash was the only thing he could give him credit for on his books." Russell then went to the appellee bank with the checks to get them cashed. Rabun was along, standing behind Russell at the teller's window, as was also a stranger, probably a Mr. Kirkland, "Auditor of the A. C. L. Railway", who came with Rabun to the Luverne office on that day. Then and there, when thus in the presence of the other two and the teller, Russell indorsed the two checks "C. L. Russell Agt. Railway Express Agency" and the teller delivered to him the cash represented by the checks. The three then left the bank and, after returning to the express office, Rabun directed that the money be transmitted to the treasurer of appellant in Atlanta, which was accordingly done.

It later developed that the checks were not genuine or were forgeries and were returned to appellee bank by the drawee bank, dishonored. The fact that the checks were forgeries or not genuine was unknown to appellee. Appellee sued appellant for the money.

Russell, Rabun and Stephens were dead when the case was tried. The foregoing evidence was presented by appellee (plaintiff below), at the conclusion of which appellant also rested and requested the general affirmative charge. The charge was refused, the case submitted to the jury, resulting in the judgment aforesaid. Hence this appeal and the point of error insisted upon.

By forceful argument of counsel for appellant, it is urged that we declare a reversal of the case under the well-recognized doctrine that title to money obtained by theft or fraud passes by mere delivery, when received by an innocent taker, in good faith and for value. There is no doubt of the correctness of this principle of law. Michie on Banks and Banking, Vol. 5, Chap. 9, Sec. 265, p. 485; 21 R.C.L., Sec. 41, p. 44; Batson v. Alexander City Bank, 179 Ala. 490, 60 So. 313.

But in our view the appellant here is not protected by the foregoing doctrine. For under the facts and circumstances of the present case, and inferences reasonably deducible therefrom, the appellant cannot be considered, as a matter of law, an *innocent* creditor within the meaning of the announced principle. The familiar rule of law that the principal is bound by the acts of his duly authorized agent or one acting within his ostensible authority has application here. To say the least, the issue was doubtful and determination thereof was properly for the jury.

Here we have more than the fraudulent procurement and transfer of the money to an innocent creditor by some third person. Here, Russell, known by the bank teller to be the appellant's local agent—and certainly acting within his apparent authority—procured the money from the bank with which to pay his principal, after the general agent, Rabun, had refused the checks in payment of the shortage and required "cash" only for the purpose. Here, appellant's duly authorized, general agent was present at appellee bank during the entire progress of the transaction—for what purpose it is not stated but readily inferable —in order that his principal (appellant) be paid the amount of Russell's default. When so procured, the money was sent to appellant at the direction of said Rabun. Thus from the evidence adduced, its ten-

dencies and reasonable inferences, the issue vel non of the innocence of appellant (as applied in the authorities, supra), and whether or not the transaction of the cashing of the checks was imputable to the principal so as to bind it, was for the jury.

■ True, unless it otherwise appears in the document, in order to indicate that a party is acting in a representative capacity the explanatory connective "as" (agent or etc. for his named principal) should appear, otherwise the designation is regarded as descriptio personae. Cochrane v. Fuller, 17 Ala.App. 230, 84 So. 400; Holloway v. Calvin, 203 Ala. 663, 84 So. 737. But, as we understand it, this rule in no manner impinges upon the other rule that although, in such a case, it imports, prima facie, the act of the individual, yet where, as here, from the instrument there is doubt whether it was intended to operate as the personal obligation of the signator, parol evidence is admissible to show the true character of the transaction. Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620, 75 So. 284; Pointer v. Farmers' Fertilizer Co., 230 Ala. 87, 90, 160 So. 252.

■ Furthermore, the checks being made payable to Russell, Agent, REA, Inc., and indorsed by him, "Agt. Railway Express Agency", was sufficient to put all parties, concerned in the transaction of cashing the checks, on inquiry and notice that he may be acting as agent for his principal in the matter. Bank of Guntersville v. Crayter, 199 Ala. 599, 600, 75 So. 7, L.R.A.1917F, 460; First Nat. Bank of Union Springs et al. v. American Surety Co., etc., 237 Ala. 35, 38, 185 So. 365. The bank teller paid the money to Russell, upon the indorsements, above, when the other two (Rabun and the stranger) were there behind him at the teller's cage.

■ We do not think that appellant could, *as a matter of law,* be declared the rightful owner of the money as against the appellee's claim, under the facts and circumstances of the present case. The acts of the agents in the transaction might properly have been referable to appellant so as to bind it. Clearly to our minds the jury could have correctly inferred that Russell, with the knowledge and approval of Rabun and the understanding of the bank teller, was effecting the encashment of the checks as agent for appellant. If so, Rabun being the general agent who was instigating the settlement, by cash, of Russell's account, appellant is thereby bound.

There was at least a scintilla of evidence, which required submission of the case to the jury. We do not think the principles of law adverted to above give protection to appellant here, where under the circumstances disclosed, its employee fraudulently procured, from an innocent third party, money with which to satisfy his defalcation with appellant, his employer.

In our view, the authorities cited, when applied to the evidence adduced upon trial, guide us to the conclusion that the court ruled correctly in refusing to direct a verdict for appellant. The issue was for the jury. In our opinion the judgment of the lower court should be affirmed.

Affirmed.