304 So.2d 586

James W. JOHNSON and
Nell C. Johnson

v.

CITY OF SYLACAUGA, a Municipal Corporation.

SC 839.

Supreme Court of Alabama.

Dec. 5, 1974.

Tom R. Ogletree, Sylacauga, for appellants.

Bell & Lang, Sylacauga, for appellee.

HARWOOD, Justice.

James W. Johnson and Nell C. Johnson brought a bill of complaint seeking to have specific performance of an alleged agreement for the sale to them of 2.43 acres of land by the City of Sylacauga, Alabama. After a hearing the Johnsons, being denied the relief sought in their bill, perfected this appeal.

James W. Johnson, one of the appellants, desiring to purchase a certain tract of land owned by the defendant City of Sylacauga, contacted Harold L. Sargent of the Sylacauga real estate firm of Atkinson-Sargent. Sargent then contacted the city officials concerning the sale of the land.

On July 18, 1972, the city council of the City of Sylacauga met in regular session and the minutes of that meeting show the following entry:

"A motion by Mr. Hagan, seconded by Mr. Wright, authorizing the Mayor to sign a sales agreement option with James W. Johnson and Nell C. Johnson, as represented by real estate agent, Atkinson-Sargent, Inc., in the amount of $25,000.-00 for ninety (90) days for approximately 2.43 acres of land located in a triangular form between the Coaling Road and Highway U.S. 280 By-pass and Coosa Street, was carried unanimously, Yeas—Gann, Hagan, Wright, and Bentley. Nays—none."

On the same date, July 18, James W. and Nell C. Johnson as buyers, and J. P. Dark, at that time Mayor of Sylacauga, as seller, entered an agreement to buy and sell covering the property in question. The agreement was on a form supplied by Sargent.

The agreement recited that the purchase price "shall be $25,000.00 payable as follows:

"Earnest Money, receipt of which is hereby acknowledged by the agent —————— $1000.00

"Cash on closing of this sale ——————— $25,000

Which includes Earnest Deposit."

The real estate to be sold was described as

"2.43 Acres now owned by the City of Sylacauga, located on the West side of Four lane highway adjacent to Pinecrest School."

The agreement contains the further proviso:

"This offer is Conditioned and Contengent [sic] upon property being zoned for Business," and a

still further proviso that the sale was to be closed and the deed delivered within ninety days.

Within the 90-day period Mayor Dark resigned as Mayor of Sylacauga and Curtis Liles assumed the office.

When Mr. Johnson asked the new Mayor Liles when the sale could be closed, the new mayor said he would have to check on the deal and find out what it was all about. The new city administration decided not to go through with the sale, and Mayor Liles so notified Mr. Sargent in a letter written

December 7, 1972, to appellants' attorney, who represents the Johnsons in this appeal. This letter was, of course, several weeks after the expiration of the 90-day period specified in the agreement executed between the Johnsons and the then Mayor of Sylacauga, J. P. Dark.

The Johnsons never made tender of the purchase price during the 90-day period nor before bringing this action for specific performance.

■ In denying specific performance of the agreement between the Johnsons and the then Mayor Dark, the court held such agreement to be null and void. We agree.

Act No. 843, 1953 Acts of Alabama, Vol. II, p. 1135, (now appearing as Sec. 477(1), Title 37, Recomp.Code of Alabama, 1958), reads:

"Disposition of unneeded real estate. —The governing body of any city or town in this state may, by ordinance to be entered on its minutes, direct the disposal of any real property, not needed for public or municipal purposes, and direct the mayor to make title thereto; and a conveyance made by the mayor in accordance with such ordinance invests the grantee with the title of the municipality. (1953, p. 1135, § 1, appvd. Sept. 19, 1953.)"

The action of the council of the City of Sylacauga authorized the Mayor to sign a ninety-day option with the Johnsons to purchase 2.43 acres of land for $25,000.00.

In City of Tuskegee v. Sharpe, 292 Ala. 14, 288 So.2d 122, this court held that the power granted in Act No. 843, supra, to a city governing body to dispose of a city's real property not needed for public or municipal purposes, and to direct the mayor to make title thereto, does not include the power to grant an option to purchase such property.

The action of the City Council in the premises was therefore ultra vires, and null and void. Consequently, no authority could be deemed to have vested in the Mayor by the action of the council that would in anywise bind the City of Sylacauga in connection with the disposition of the land in question.

■ It is to be noted additionally that the agreement sought to be enforced was signed merely "J. P. Dark Mayor" as seller. The word "Mayor" after an individual's name is merely descriptio personae, and in nowise indicates a representative capacity, and a signature in such form will not bind a municipality. Cochrane v. Fuller, 17 Ala.App. 230, 84 So. 400; Buckley v. Wilson, 56 Ala. 393.

■ While the council attempted to authorize the Mayor to execute an option for the sale of the land in question, the agreement executed by the Johnsons and the then Mayor Dark contained a condition that the purported sale was to be conditioned upon rezoning of the property. Adding such condition would be beyond the authority attempted to be conferred on the Mayor by the council, even had the council possessed the power to authorize the Mayor to execute an option.

Several additional reasons are advanced by counsel for the appellee City of Sylacauga in support of the action of the court below in denying specific performance. Without intimating that such contentions lack merit, we see no need to write to them, since to do so would be merely kicking a dead horse.

The judgment and decree of the lower court is due to be affirmed, and it is so ordered.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and FAULKNER, JJ., concur.