# The First National Bank, Cambridge, Ill., v. Hall et al.

## Action on Promissory Note.

1. *Decision of court on facts not reversed unless clearly wrong.* When a case is tried by the court without a jury, upon parol evidence, the rule which prevails in this State on appeal is, that all reasonable presumptions are indulged in favor of the decision of the trial court upon questions of fact, and it will not be reversed, unless the Supreme Court is clearly satisfied that it is wrong.

2. *Payment through a bank; what is.*—When a depositor has money in a bank to meet his note, made payable at such bank, and has instructed the cashier to apply it to the debt, and on the day it falls due tenders to the cashier a check on the funds which are then in bank subject to check, to pay the debt, and is informed that the check is unnecessary, and that the note has been paid, and exhibits the note stamped "paid," and hanging on the cancelling spindle to be entered by the book-keeper, there is a valid payment in money, whether the proper entries are made on the book or not.

3. *Preference betweeen creditors of insolvent national bank.*—No legal payment of a note held for collection by a national bank, can be made out of money deposited to the maker's general credit, after insolvency, or in contemplation of insolvency, although the depositor has no knowledge of the insolvency of the bank. (Rev. Stat. U. S. § 5242.) (COLEMAN, J., dissenting; BRICKELL, C. J., concurs with Justice COLEMAN.)

APPEAL from Lauderdale Circuit Court.

Tried before Hon. THOMAS R. ROULHAC.

The averments of defendant's special plea, No. 3, are sufficiently shown by the opinion. Plaintiff's replication to this plea, set forth, among others, the following grounds: (4.) "That at the time of the maturity of said note on said 22d day of June, 1891, said Florence National Bank was insolvent, and not authorized to make said collection in the manner alleged. (8.) That at and prior to the alleged payment of the note sued on, as alleged in said plea, the Florence National Bank, of

[The First National Bank, Cambridge, Ill., v. Hall *et al.*]

Florence, Alabama, was a national bank, organized under the laws of the United States known as the national banking act, and contemplated insolvency and was, in fact, insolvent, and this was known to said Tice, who was the cashier of said Florence National Bank, and at the time of the alleged payment of said note, as shown by said pleas, said Tice, as the agent of defendant, had no authority to use the funds of said bank to pay the debts of defendants, and the said Tice, or the Florence National Bank, as the agent of plaintiff, had no authority to accept such funds in payment of the debt due to plaintiff, and the act of said Tice, for himself, or as cashier of the Florence National Bank, in paying the note to plaintiff, as alleged in said pleas, was in violation of the statutes of the United States, and was void, and plaintiff did not assent to or ratify the same."

SIMPSON & JONES, for appellants.—Even where a party himself accepts a check for a pre-existing debt, it is not a payment until the check is paid; so, also, if a collecting bank receives the debtor's check, it is only a conditional payment until the check is actually paid.—3 General Digest (Lawyers Co-op. New Series, 1897), p. 1067, and authorities cited; *Lowenstein v. Bresler*, 109 Ala. 327; Ball on Nat. Banks, p. 90; Ballis on Banks and Depositors, §473. If the statement that the cashier was given verbal instructions be true, then the defendant constituted the Florence Bank his agent to make the appropriation, and as his agent never, in fact, made the appropriation during the business existence of the bank, it was never paid.—1 Daniel on Neg. Inst., (4th Ed), §326; *Ward v. Smith*, 7 Wall. 447. The bank being insolvent, it could not legally pay its depositor by appropriating the amount to his credit in payment of the note. Revised Statutes of U. S., §5242; 2 Morse on Banking p. 1176, §52, p. 1284, §150, and p. 1289, §152; *National Security Bank v. Butler*, 129 U. S. 223; *Roberts, Rec'r. v. Hill*, 24 Fed. Rep. 571; *Case v. Citizens Bank*, 2 Woods, 23.

C. E. JORDAN, *contra.*—Where a note or draft is sent to a bank for collection, payment of same by a check on the collecting bank is good; the payor is not required to draw out the currency on the check, and then count it

[The First National Bank, Cambridge, Ill., v. Hall *et al.*]

back to the bank.—*British Am. Mfg. Co. v. Tibballs,* (Ia.), 19 N. W. 319; *Billingsley v. Pollock* (Miss.), 13 So. 828; *Francis v. Evans,* (Wis.), 33 N. W. 93; *First National Bank of Nashville v. McClung,* 40 Am Rep. 66; *Wilkins v. Bradley,* 54 Ala. 677-687; *City Nat. Bank of Selma v. Burns,* 68 Ala. 267; *Oddie v. Nat. City Bank of N. Y.,* 6 Am. Rep. 160; *Akin v. Jones,* 42 Am. St. Rep. 921; *Howard v. Walker,* 92 Tenn. 453. Usage of collecting bank binding on correspondents.—Boone on Law of Banking, 208; 2 Am. & Eng. Encyc. of Law, §106; 27 *Ib.* 869, 743. Where preferences have been made by a national bank after it was insolvent, or in contemplation thereof, the question can only be raised through the receiver of the bank.—*Roberts v. Hill,* 24 Fed. Rep. 571; *Price v. Coleman,* 22 Fed. Rep. 694; Boone on Banking, 433; *Movins v. Lee,* 24 Blatchf. 291-294; *Nat. Security Bank v. Butler,* 129 U. S. 223; *First Nat. Bank v. Johnston,* 97 Ala. 655-659. The payment of notes held for collection out of current funds, in the ordinary course of business, to one who has no notice of the insolvency, is good.—Pratt's National Bank Dig. 71.

COLEMAN, J.—The appellant, plaintiff in the court below, sued John W. Hall and H. P. Wisdom upon their commercial promissory note, payable at the Florence National Bank, Florence, Alabama, received by plaintiff in due course of trade for a valuable consideration before maturity, and without notice of any defense. The case was tried by the court without a jury, upon defendants' special pleas of payment numbered two and three. and rendered judgment for the plaintiff. There was a demurrer to each of these pleas, which was overruled by the court, and then replication by plaintiff, to which replication the court sustained a demurrer. The ruling of the court upon the several demurrers, and the judgment upon the evidence, upon issue joined, are assigned as error. When a case is tried by the court, upon parol evidence, the rule which prevails in this State "requires us to indulge all reasonable presumptions in favor of the decision of the court upon questions of fact, and not to reverse it, unless clearly satisfied that it is wrong." *Jones v. White,* 112 Ala. 449; *Woodrow v. Hawving,* 105 Ala. 240. The testimony of the witness, Hall, and of Tice, the cashier of the Florence National Bank, sustain the

averments of facts set up in the special plea number
three as constituting payment, and although the testi-
mony offered by plaintiff is in direct conflict with the tes-
timony of defendant upon these facts, under the rule
stated we would not be justified in reversing the judg-
ment on account of the conclusion arrived at by the court
from the facts. The only questions left open for consid-
eration are those arising from the rulings of the court
upon the demurrer to the special pleas, and to the repli-
cations to these pleas. We deem it unnecessary to con-
sider these questions relative to special plea number
two. The first count of the complaint, and this plea, de-
scribe the note sued upon as payable to the Florence
National Bank. The evidence is conclusive that there
was no such note, and the note sued upon and offered
in evidence was payable to Hall & Wisdom, a partner-
ship, and was payable at the Florence National Bank.
This plea was not sustained. The third special plea in-
cludes every legal proposition involved in the second
plea, and in connection with the second count of the
complaint, presents the merits of both sides of the
case. The pleadings show that John W. Hall
and H. P. Wisdom, the defendants and makers of
the note, composed the partnership of Hall & Wisdom,
to whom the note was made payable, and by whom it was
endorsed in blank; that the note was payable at the Flor-
ence Bank on the 22d of June, where the note was on that
day for collection for account of plaintiff; that on that
day and prior, there was on deposit in the bank to the
credit of the partnership, Hall & Wisdom, more than suf-
ficient to pay said note, and the cashier had been advised
that the money was deposited for the purpose of paying
the note, and instructed to so appropriate it, and there
was a sufficient amount of cash in the bank at the time
for this purpose; that Hall, a member of the firm, on the
morning of the 22d, after banking hours, in the bank,
tendered the cashier a check on the funds on deposit in
payment of the note, and was advised by the cashier that
a check was unnecessary, that the note had already been
charged to defendants—and exhibited to him the note
cancelled and stamped paid.

We are of opinion that these facts constitute a pay-
ment in money, and do not raise the question argued,
that an agent has no authority to receive a check in pay-

ment of a debt, or anything else than money. It is true that the plea does not aver as a fact that the note at the time had been charged to defendants, nor that the amount had been credited to plaintiff, or was ever remitted or credited to plaintiff's account; nor, in our opinion, could defendants be held responsible if these proper entries were never made by the officers of the bank. Suppose, under the facts, after cancelling and stamping the note paid, it had been handed to defendants instead of sticking it on the cancelling spindle, for future entry by the proper officer, could there be any doubt of a valid payment? To hold otherwise would require the parties to go through the needless process of having the money counted out to defendants and the defendants then handing back to the cashier the money, with instructions to apply it to the note. A verbal instruction by a depositor to a cashier to apply his money on deposit in a certain way is sufficient authority. A check might furnish more complete and satisfactory evidence of the authority, but a check is not necessary to confer the authority. If no money had in fact been deposited to meet the note, and defendants, on the morning of the maturity of the note, had gone to the bank with the money, and paid it over to the cashier in payment, and the note had been surrendered to him, stamped "paid," there could be no controversy as to the question of payment, whether such entry was ever made on the books of the bank or not. Can there be any difference in principle, when a depositor who has money in bank to meet his note, and has so informed the cashier and instructed him to apply it to the debt, and on the day it falls due tenders to the cashier a check on the funds which are then in bank subject to check, to pay the debt, and is informed that the check is unnecessary, and that the note has been paid, and exhibits the note stamped "paid," and hanging on the cancelling spindle to be entered by the book-keeper? We think not, and it can make no difference, in legal effect, that during the same day, and before the proper entries are made, the bank suspends payment and is closed. The latter proposition, however, is involved in the replication, to which we will briefly refer.

Section 5242 of the Revised Statutes of the United States reads as follows: "All transfers of the notes, bonds, bills of exchange, or other evidences of debt owing

to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by this chapter, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; and no attachment, injunction or execution shall be issued against such association or its property before final judgment in any suit, action or proceeding, in any State, county, or municipal court."

It is the opinion of the court that the facts set up in the plea under consideration, independent of the statute just cited, show a payment of the note, but that the statute is prohibitory and peremptory, and that a legal payment could not be made out of moneys deposited to his general credit, after insolvency of the bank, or in contemplation of insolvency, and that there was no legal payment of the note. It is the opinion of the court, that Hall's ignorance of the financial condition of the bank or that it contemplated insolvency made no difference as to the legality and invalidity of the intended payment. *National Savings Bank v. Butler*, 129 U. S. 223. The court therefore holds that the replication presented a complete answer to the plea, and that the trial court improperly sustained the demurrer.

The writer is of opinion that if Hall, in ignorance of the condition of the bank, in the usual course of business, deposited the money in bank to his credit, and on Saturday preceding the Monday gave instruction to the cashier to so apply it, and he further deposited other money on the morning of the closing of the bank, and went to the bank while it was doing business as usual to pay the note, and was informed by the cashier that the money had been so applied, and exhibited the note cancelled and stamped "paid," and it was subsequently so entered up under the direction of the receiver and the note surrendered to Hall, that the payment was valid, at least as to the plaintiff, whatever may be the rights of the receiver in the premises. The effect of the payment

by Hall thus made to the Florence Bank, authorized by plaintiff to collect for plaintiff, was to transfer the deposit from the credit of Hall & Wisdom to the credit of the plaintiff, to whose credit in law it stood when the bank closed its doors, as much so as if the credit had been formally entered at the time.

Under the view taken by the court, the case must be reversed and remanded.

Reversed and remanded.

COLEMAN, J., *dissenting.*

BRICKELL, C. J., concurring with Justice COLEMAN.