(95 South. 920)

## FIRST NAT. BANK OF ASHLAND v. PRICKETT. (7 Div. 825.)

(Court of Appeals of Alabama. April 17, 1923.)

**I. Banks and banking ⬅153—Bank may not divert special deposit to other purpose.**

Where money is deposited in a bank to the credit of R. for the specific purpose of paying a check to S., no part of such funds may be diverted or applied by the bank, without R.'s consent, to a different use or purpose.

**2. Banks and banking ⬅126—Bank erroneously crediting one account and charging another can without liability reverse charge and credit.**

A bank which, on deposit of check drawn on it by R. to P., credits the amount to P.'s account, and erroneously charges it to a special deposit account made to the credit of R. for the purpose of payment of a check to S., there being no funds in R.'s general account, may without liability to P. recharge the amount to P.'s account, crediting it to the special deposit account.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Action by J. B. Prickett against the First National Bank of Ashland. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

P. O. Randall gave his check for $104 to J. B. Prickett, drawn on the First National Bank of Ashland. Thereafter Prickett presented the check for payment, and was told by Pruet, then president of the bank, that Randall had no funds on deposit with which to pay the check, but that, if Prickett would leave the check with him (Pruet), he would try to collect it for him. The check was not then deposited, but was left with Pruet for the purpose stated.

Subsequently one J. Q. Adams and Randall executed a note to the bank and secured a loan of $225. It was agreed between Randall, Adams, and one White, Pruet's successor as president of the bank, that the money so borrowed was to be used for the special purpose of purchasing a house-moving outfit from one Slaughter, and that the money should be placed to the credit of Randall and payable on his check to Slaughter. Pruet, who still held Prickett's check from Randall. being informed by an employee of the bank that a deposit had been made to Randall's favor, made a deposit slip for Prickett, which was deposited, Prickett's account was credited, Randall's account debited, and there was mailed to Prickett a receipt. White, then president of the bank, was absent when this attempted payment was made.

A check was drawn by Randall in favor of Slaughter for $225. In due course it was received by the bank, and payment thereof declined because of lack of funds. White, being informed of the fact, directed that the attempted payment to Prickett be canceled, and the check in favor of Slaughter paid in accordance with his agreement with Adams and Randall. Thereupon Prickett was notified of the withdrawal of the credit, his account was debited to the amount of $104, Randall's account was credited by a like amount, and the check in favor of Slaughter for $225 was paid.

Thereafter Prickett brought this suit against the bank. The trial court, sitting without a jury, rendered judgment for the plaintiff, and from that judgment the defendant prosecutes this appeal.

Garrison & Gay, of Ashland, for appellant.

A deposit with a bank, made for a specific purpose, remains the property of the depositor, and must be paid out by the bank according to the purpose for which it was made. 7 C. J. 631; First Nat. Bank v. Henry, 159 Ala. 367, 49 South. 97; Hutchinson v. Bank, 145 Ala. 196, 41 South. 143; Hough v. Oelwein Bank, 173 Iowa, 48, 155 N. W. 163. When a check is left with a bank for collection, the bank is the agent of the person leaving the same. Moore v. Meyer, 57 Ala. 20; Jefferson Co. Bank v. Hendrix, 147 Ala. 670, 39 South. 295, 1 L. R. A. (N. S.) 246. In an action by a depositor against a bank, he must allege and prove demand and refusal to pay. Tobias v. Josiah Morris & Co., 126 Ala. 535, 28 South. 517; McCreless v. Tenn. Valley Bank, 208 Ala. 414, 94 South. 722; Bank. v. Williams, 206 Ala. 394, 90 South. 340.

Pruet & Glass, of Ashland, for appellee.

When the president of the bank accepted the check of appellee and placed it to the credit of appellee, this created the relation of creditor and debtor. Bank of Menlo v. Arnold & Co., 13 Ala. App. 462, 68 South. 699. When the deposit was transferred from the account of Randall to that of appellee, it became the property of appellee, and the

bank was without authority to charge back without appellee's consent. Josiah Morris & Co. v. Ala. Carbon Co., 139 Ala. 620, 36 South. 764. The question of agency is not involved. 5 Cyc. 512; Jefferson Bank v. Hendrix, 147 Ala. 670, 39 South. 295, 1 L. R. A. (N. S.) 246.

BRICKEN, P. J. The complaint fails to aver, and the evidence to show, that there was due demand made on the bank for payment after the deposit of $104 was transferred to the account of Mr. Randall, in correction of error in the first deposit to the account of Prickett, paid out of the Randall-Adams special fund. The requisite conditions precedent to a collection against a bank for funds on general deposit in such bank, and subject to withdrawal, were discussed in First National Bank of Montgomery v. Williams. 206 Ala. 394, 90 South. 340; McCreless v. Tenn. Valley Bank (Ala. Sup.) 94 South. 722;[1] Tobias v. Josiah Morris & Co., 126 Ala. 535, 28 South. 517.

[1, 2] A special deposit in a bank, or moneys for a specific purpose, remains the property of the depositor, or the beneficiary of the special deposit, as the case may be, until the terms of such deposit or escrow have been complied with, or until such terms have been modified by the parties at interest. Jones v. First National Bank, 206 Ala. 203, 89 South. 437; First National Bank v. Hall, 119 Ala. 64, 24 South. 526; First National Bank v. Henry, 159 Ala. 367, 49 South. 97; Hutchinson v. National Bank of Commerce, 145 Ala. 196, 41 South. 143.

The preponderance of the evidence was such as to plainly and palpably show that the judgment is wrong. Cobb v. Malone, 92 Ala. 630. 9 South. 738. The evidence shows without dispute that the $225 was in fact borrowed from the bank by Mr. Adams on note given by him and Mr. Randall for $235. The proceeds were deposited in said bank to the credit of the makers of the note for a specific purpose—to pay a certain and designated draft to "Dr. Slaughter for a house-moving outfit." No part of such funds, under the law of such deposit, could be diverted or applied by the bank, without consent of Adams and Randall, to a different use or purpose. An erroneous or temporary diversion of the same by one of the officials or agents of the bank was not binding on it in such sense as that it could not recharge the same to the "mistaken depositor's account," and credit that amount to the true or special deposit account. McCreless v. Tenn. Valley Bank, supra. There was no question of the right of a bona fide third person in the moneys thus surcharged by the bank.

The original draft or check left with the bank for collection by J. B. Prickett was drawn in his favor by P. O. Randall, and by error paid, or reported as paid, by the misappropriation of a part of the proceeds of the special deposit in question. In the act of the attempt at collection of Prickett's check by the bank, the bank was the agent of the payee, the plaintiff, and any error made by such agent in such attempt at collection must be visited upon Prickett as the principal in such action. The correction as to plaintiff's account was made in due course and according to the justice of the circumstances.

If the court erred in overruling demurrer to the complaint, it is immaterial, since there was error in rendering judgment against the defendant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.