FIRST NAT. BANK OF SIOUX CITY, IOWA, Appellant, v.
JOHN MORRELL & COMPANY, Respondent.

(221 N. W. 95.)

(File No. 6107.   Opinion filed September 29, 1928.)

*Bielski, Elliott & Marker,* of Sioux Falls, and *Shull, Stillwill, Shull & Wadden,* of Sioux City, Iowa, for Appellant.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

BROWN, J. Defendant conducts a packing plant industry in Sioux Falls and sells its products in different parts of the United States, receiving in payment checks from its customers on banks in their respective localities. It deposited those checks in Sioux Falls National Bank, indorsed as follows:

"Pay to the order of Sioux Falls National Bank, for deposit only.                                                     "John Morrell & Co."

By agreement with the bank defendant was credited conditionally in its checking account with the amount of the checks, but the bank was at all times to retain a minimum balance of $20,000, to take care of what was known as "the float," being checks in process of collection, which might not be paid. Between plaintiff and Sioux Falls National Bank, mutual accounts had been maintained for a number of years. In the early part of January, 1924, defendant deposited in Sioux Falls National Bank 20 checks, aggregating about $3,900, all bearing the indorsement hereinbefore quoted, receiving credit for such checks under the agreement already referred to. The Sioux Falls National Bank, on January 8th, 9th, and 10th, transmitted these checks to plaintiff at Sioux City, indorsed:

"Pay to the order of the First National Bank of Sioux City, Iowa. Sioux Falls National Bank 98–1. Thomas A. Wadden, Vice President and Cashier."

And each was transmitted in a letter reading:

"We inclose herewith for collection and return items listed below"—followed by a list of the checks inclosed.

Plaintiff, in accordance with a custom between it and the Sioux Falls Bank, credited the latter conditionally with the amount of the checks, and forwarded them for collection to banks in the localities on which they were drawn. On the morning of January 11th the

Sioux Falls Bank failed to open, and was taken over by the Comptroller of the Currency for liquidation.

The vice president of the John Morrell & Co., who was also a director of Sioux Falls National Bank, telegraphed to the various makers of the checks and had payment of them stopped, and the makers of the checks thereafter paid the accounts represented by the checks direct to defendant. The dishonored checks were returned to plaintiff, and plaintiff brings this action, claiming that defendant is liable to it as indorser of the checks. The action was tried by the court without a jury, and from judgment on a decision in favor of defendant, and an order denying a new trial, plaintiff appeals.

■ ■ Appellant contends that, because defendant received credit in his account in the Sioux Falls National Bank for the amount of the checks, the relation of debtor and creditor existed between defendant and the bank; that the bank became the owner of the checks, and that, by its indorsement of them to plaintiff, plaintiff became the owner of the checks, with a right of recourse, in the event of their dishonor, against any prior indorser. But this contention entirely ignores the contract between defendant and the Sioux Falls bank, created by the indorsement on the checks. The indorsement "for deposit only" is a restrictive indorsement (R. C. § 1740), and clearly vests title in the indorsee in trust for the indorser. Such an indorsement confers upon the indorsee the right to transfer its rights as indorsee, because the indorsement authorized payment "to the order of Sioux Falls National Bank"; but the subsequent indorsee (in this case, plaintiff) acquires only the title of the first indorsee under the restrictive indorsement (R. C. § 1741), and, irrespective of the directions contained in the letters or transmittal, plaintiff could only have the rights of an agent or trustee for the defendant, clothed with authority to collect the checks. Haskell v. Avery, 181 Mass. 106, 63 N. E. 15, 92 Am. St. Rep. 401. Appellant says that:

"It is frankly conceded that the sole and only purpose of stopping payment of these checks was to enable defendant to reduce its balance in the Sioux Falls bank when the same closed, and, by collection of the items through other channels, thus to realize 100 cents on the dollar, instead of taking the proportion of loss, if any, which other depositors may sustain through failure of the bank."

██ But this is just what defendant had a lawful right to do. It had a right at any time to revoke the agency of plaintiff for collection of the checks, and to avoid loss by collecting through other channels the accounts due from the makers of the checks. Had the checks been collected through the medium of the banks, and the money had reached the Sioux Falls National, the relation of debtor and creditor between the bank and defendant would then, and not until then, have arisen.

The rights of an indorsee under a restrictive indorsement are not those mentioned in section 1770 of the Code, but only those enumerated in section 1741, among which is not the right to recover from the indorser on dishonor of the instrument.

The judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur. CAMPBELL, J., concurs in result.