31835. FIRST NATIONAL BANK OF DALTON *v.* SOUTHERN COTTON OIL COMPANY.

Decided March 18, 1948. Rehearing denied March 31, 1948.

*Hardin & McCamy,* for plaintiff in error.

*Finley & Henson, M. C. Tarver,* contra.

PARKER, J.· Counsel for the defendant contend that for several reasons their demurrers should have been sustained. They say: (1) that the plaintiff had no title to the draft after depositing it, that title was then in the forwarding bank, and that the plaintiff could not recover for that reason; (2) that the forwarding bank, and not the receiving bank, was liable for any negligence in failing to collect the draft; and (3) that the receiving bank was acting for the forwarding bank, and not for the plaintiff, in handling the draft, and that there was no privity of contract or agency relationship between the plaintiff and the defendant.

"The majority rule at common law, and as adopted in the Uniform Bank Collection Code, is that the correspondent is the subagent of the depositor of paper deposited for collection, while the minority rule is that the correspondent is the agent of the forwarder and not of the depositor." 9 C. J. S., Banks and Banking, § 228b. The rule that, when money is placed in a bank on general deposit, the title to the money passes to the bank and the relation of debtor and creditor is created between the bank and the depositor, applies to checks or drafts deposited by a customer, if it appears that the check or draft was received as a deposit to be treated as cash, *and that this was the intention of both parties.* On the other hand, if a check or draft is deposited for collection, then it is clear that the bank does not take title thereto, and the title to the check or draft remains in the depositor. If

the parties intend to treat such paper as cash, title passes at once upon receipt of the deposit, but if the intention is that the bank shall not be responsible except as an agent for collection, title remains in the depositor. "The difficulty in determining the relation between the parties lies in the determination of their mutual intention, and this must of necessity depend upon the individual facts of each case; so that the question is one rather of fact than of law." *First National Bank of Fayetteville, Tenn.* v. *McMillan,* 15 *Ga. App.* 319, 322 (83 S. E. 149). That case also holds that ordinarily, when checks or drafts are deposited in a bank, the presumption is that they are deposited for collection only, and not as cash; but where a check or draft is drawn in favor of a bank, the contrary presumption is authorized. Furthermore, "it appears to be well settled that merely crediting a depositor with the amount of a check, whether this be done in his pass-book or upon the books of the bank, is by no means conclusive evidence that the paper was received as cash or otherwise than for collection. · A credit so made in anticipation of collection will be deemed merely provisional, and the bank may cancel the credit, or charge back the paper to the customer's account, if it is not paid by the maker or drawer." *Id.* Under these rules of law, the question of intention, which is a question of fact, is paramount and controlling.

In this case it appears from the indorsement on the draft itself, although it was made payable to the Cartersville bank, that it was "for deposit only to the credit of Southern Cotton Oil Co." Although the petition alleges in one place that the draft was deposited "as a cash item," it appears from the petition that the Dalton bank handled the draft "as the agent of petitioner," and that the draft when returned by the collecting bank to the forwarding bank was immediately charged to the plaintiff's account. Under the authorities cited, and the allegations of the petition as a whole, we think that whether or not the title to the draft was in the Cartersville bank was a question of fact for determination by the jury, and that the court could not hold as a matter of law that such title passed to the bank. "When negotiable paper is deposited for collection, the depositor remains the owner, as to the collecting bank, in the absence of special agreement. And the mere provisional credit as cash, with liberty to draw thereon,

will not change the rule." Fleming *v.* State, 62 Tex. Cr. R. 653, 661 (139 S. W. 598). Checks deposited in a bank and indorsed "for deposit only" do not create a debtor-and-creditor relation between endorser and correspondent bank until proceeds have been collected and transmitted. First National Bank *v.* Morell & Co., 53 S. D. 496 (221 N. W. 95, 60 A. L. R. 863).

The contention that the forwarding bank, and not the receiving bank, was liable for any negligence in failing to collect the draft is not maintainable. Under the banking laws as established by the act of August 16, 1919, codified in the Code of 1933, Title 13, the diligence required of a bank receiving a deposit of a check or draft for credit or for collection is clearly defined. It is considered due diligence on the part of such bank in the collection of such item so deposited to forward and route the same without delay in the usual commercial way, and the maker, endorser, or guarantor thereof is liable to the bank until actual final payment is received; "and when a bank receives for collection any check, draft, note, or other negotiable instrument and forwards same for collection as herein provided, it shall be liable only after actual final payment is received by it, except in case of want of due diligence on its part as aforesaid." Code, § 13-2035. Under the allegations of the petition, the forwarding bank promptly transmitted the draft for collection to the defendant, and it was clearly not liable to the depositor for the negligence of the defendant.

The final contention of the defendant, that the receiving bank was acting for the forwarding bank, and not for the plaintiff in handling the draft, and that there was no privity of contract or agency relationship between the plaintiff and the defendant, is untenable. "A depositor who suggests, even though he does not expressly require, the appointment of a particular subagent, with the result that the bank designates such subagent, is estopped to deny that the subagent is his agent rather than the agent of the bank, and the forwarder is not liable for the default of such subagent." 9 C. J. S., Banks and Banking, § 228b. "A collecting bank, knowing of the depressed financial condition of the debtor, is delinquent in its duty if it neglects to inform its customer of such vital condition, and fails to take vigorous measures under the circumstances to secure payment, and if loss occurs by

its neglect to exercise that degree of skill, care, and diligence which the nature of its undertaking calls for, with reference to the time, place, and circumstances surrounding the undertaking, it will incur liability to its principal for the loss sustained." *Planters' Bank of Americus* v. *Albert Pick & Co.*, 38 *Ga. App.* 95 (143 S. E. 441), citing Pinkney *v.* Kanawha Valley Bank, 68 W. Va. 254 (69 S. E. 1012, 32 L. R. A. (N. S.) 987, Ann. Cas. 1912B, 115). It appears from the draft, as drawn by the plaintiff, that it was to be presented to the payee therein, "thru the First National Bank, Dalton, Georgia", the defendant. It thus appears that the plaintiff selected the subagent through whom the draft was to be presented, and the petition alleged that it was forwarded to the defendant "as the agent of petitioner." We think, therefore, that a relationship of principal and agent between the plaintiff and the defendant was alleged in the petition, and that under the principles of law cited there was privity of contract between the parties on which the action could be based.

The defendant has cited several cases, some of which were decided prior to the passage of the banking laws of 1919, and others of which differ substantially on their facts from the case at bar. We do not think that any of the authorities cited by the defendant requires a contrary ruling herein.

There was no error in the rulings on the special demurrers, and the court did not err in overruling the general demurrers.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. Laws 1945, p. 232).

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J. Gardner and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. Under the laws of pleading in this state, it has long been accepted as quite elementary that, where there are allegations of contradictory ultimate facts (facts from which it may be determined as a matter of law whether the petition sets forth a cause of action, distinguished from evidentiary facts, which are matters of proof and testimony), as against demurrer, that view of the petition, or those ultimate facts, most unfavorable to the pleader must control in a construction of the petition. There are only two controlling ultimate facts alleged in the petition under consideration in this case. They are contradictory. The first is an allegation that the sight draft was

deposited with First National Bank of Cartersville for transmission to First National Bank of Dalton, as collecting agent for the plaintiff. The second is an allegation that the sight draft was deposited as a cash item with First National Bank of Cartersville, and that the plaintiff had proceeded to draw checks against the same. If the first allegation is true, the petition stated a cause of action; if the latter is true, it did not; for, if the paper was deposited as a cash item, title passed to First National Bank of Cartersville. I am well aware of that line of cases following the so-called New York rule, of that following the Massachusetts rule, and I am also aware that *Bailie* v. *Augusta Savings Bank,* 95 *Ga.* 277 (21 S. E. 717, 51 Am. St. R. 74), established the New York rule in this State, and that the General Assembly modified that rule by the act of 1919. Notwithstanding, where title to the paper presented for collection passes from the depositor of the paper to the receiving or forwarding bank, it seems to me quite axiomatic that the depositor would have no right of action against the correspondent bank, to which it was sent for collection by the receiving bank, for its negligence in such regard, regardless of whether the New York, Massachusetts, or statutory rule obtained. I must stand upon the ground that it is not the function of a court of review to determine a ruling on demurrer as if the case had been tried on the evidence by a jury. If the case had been tried on the evidentiary facts alleged, there might be some basis for the majority ruling, but, as I see it, the judgment should be arrived at by the application of entirely different rules, the rules of pleading, rather than rules of evidence.