22930.   GEORGIA BANK & TRUST COMPANY v.
HADARITS et al.

ARGUED MAY 10, 1965—DECIDED JUNE 14, 1965—REHEARING
DENIED JULY 8, 1965.

*Martin, Snow, Grant & Napier, Cubbedge Snow,* for plaintiff in error.

*George E. Saliba,* contra.

DUCKWORTH, Chief Justice.  Aside from the various theories of the defendant in certiorari as to what constitutes a special deposit (*Mayer & Lowenstein v. Chattahoochee Nat. Bank,* 51 Ga. 325; *Schofield Mfg. Co. v. Cochran,* 119 Ga. 901 (47 SE 208); *McGregor v. Battle,* 128 Ga. 577 (58 SE 28, 13 LRA (NS) 185); *Southern Exchange Bank v. Pope,* 152 Ga. 162 (108 SE 551); *Williams v. Bennett,* 158 Ga. 488 (123 SE 683)), and the duty of an agent to his principal, superior to his individual interests (*Planters Bank of Americus v. Albert Pick & Co.,* 38 Ga. App. 95 (143 SE 441); *First Nat. Bank of Dalton v. Southern Cotton Oil Co.,* 76 Ga. App. 779 (47 SE2d 288); *Sessions v. Payne & Tye,* 113 Ga. 955 (39 SE 325)), we hold that a sound decision in this case requires full recognition of the provision in the note given by Jackson to the bank as follows: "The payee or holder hereof is hereby given a lien for this note and all other indebtedness of the undersigned . . . to such payee or holder hereof upon all property left with said payee and not herein assigned and conveyed to the holder whether now or heretofore or hereafter deposited, and upon any drafts, notes or other items deposited for collection by the undersigned . . . and all such accounts are hereby assigned to the bank as security for the payment of this note."

From the date of the note containing the above quoted clause, the bank was thereby invested with a lien upon all such assets, including deposits of the maker.  This solemn contract was binding upon the parties, and the bank was not taking unto itself any new benefit when it exercised its rights thereby conferred by taking deposits of the maker equaling the debt and applying the same thereto.  The obvious purpose of this agreement, which was to enable the bank to extend credit to an insolvent borrower to enable him to continue operations, and at the same time protect the bank against loss, would be defeated if the bank is held to have forfeited its rights thereunder

by paying any check it chose to pay from the bank account of the borrower. With this firm right to such deposits thus fixed, waiver by the bank in favor of any number of checks drawn against the account would in nowise affect or nullify its positive right to such accounts at such time as it freely elected to do so. No holder of a check by the depositor had a right to have it paid in preference to the bank's claim, or to complain because the bank paid other checks drawn thereon. In all such transactions the bank could hurt only itself, and those holding checks that the bank refused to pay in preference to itself have no standing to complain since no right of theirs is violated. They are not occupying a position of innocent purchaser. Their checks are good only to the extent that there are on deposit funds available for the purpose of paying the same. The holders of such checks have no claim against the bank. The petitioners recognize the foregoing rule of law, and make no claim merely because their check was not paid, but they strongly urge, and the Court of Appeals agreed with this contention, that since the bank allowed the holder of the check, when he had been informed that there were no funds to pay it, to leave it with the bank to be paid when there were funds to pay it, that the bank thereby became an agent to collect, and it should not be allowed to prefer itself over its principal, citing *Bailie v. Augusta Savings Bank*, 95 Ga. 277 (21 SE 717, 51 ASR 74); *Planters Bank of Americus v. Albert Pick & Co.*, 38 Ga. App. 95, supra; *First Nat. Bank of Dalton v. Southern Cotton Oil Co.*, 76 Ga. App. 779, supra. We readily agree that an agent will not be allowed to violate the trust imposed by benefiting itself in preference to its principal. Herein lies the error of the Court of Appeals. The bank did not take something to which it and the holder of the check had equal claim. The bank did not take a dime of money to which the holder of the check had a superior or even equal claim. It took only that to which it was unquestionably entitled under its contract with the depositor. The most exacting conduct of one under the most solemn trust as to one matter will never require the trustee to sacrifice his rights that antedate and are independent of the subject matter of the trust. The decision of the Court of Appeals would require this bank to apply funds to which it

128

was undeniably entitled, to the claim of the holder of the check when it had not in any degree obligated itself to thus sacrifice. The holder of the check was not placed in any less favorable position when the bank exercised its right. It can not be contended that the check when presented was superior to the bank's right theretofore acquired. Consequently, the holder of the check, after the check was held for collection, suffered no injury when the bank did no more than exercise the right it held when the check was first presented. See *Macon Nat. Bank v. Smith*, 170 Ga. 332, supra.

We do not decide whether the circumstances under which the check was deposited with the bank's promise to pay checks held by the holder of a lien against the depositor's property, which was in the process of foreclosure but stopped upon the bank's promise, caused the deposit to be special, since the bank had a right to take it irrespective of whether the deposit was special or general. The bank's action was authorized by the written agreement with the depositor, and judgment in its favor was demanded.

*Judgment reversed. All the Justices concur.*