Appellant Long-Lewis Hardware Company obtained a judgment, based upon a jury verdict, in the Circuit Court of Calhoun County for the purchase price of an automobile it sold to Bonnie Reese. At the time of the purchase Reese informed Long-Lewis that she had a loan from Appellee, First City National Bank of Oxford, to finance the purchase of the automobile and produced a bank deposit slip for the sum of $5,680.00 indicating a deposit to her account and a security agreement between her and First City National to verify the loan transaction. A Long-Lewis salesman was instructed to obtain a certified check from the bank for payment of the automobile. Reese, however, asked to write a personal check for the price of the automobile. The Long-Lewis sales manager, Rayburn, telephoned the bank and testified as to the following conversation with an officer of the bank:
 Q. What was your conversation with him? I want you to tell what you said to him and what he said to you, please.
 A. Okay. I told Mr. Bryant that Mrs. Reese returned to Bessemer with a personal check that she wanted to write for the car and I wanted to know if the money was there for the car. Mr. Bryant stated that the money was there at that time. I didn't accept this, because I knew that was normal verification. I knew it was there because I had the deposit slip; but . . .
Q. Slow down a little; I can't understand you.
 A. Okay. I called and asked was the money there for the car. He said, `The money is here at this time.' I took that a little further; I said, `Yes, I know the money is there; but is the money there for the purchase of this automobile?' I think again he said, `The money is here at this time.' I again took it a little further; I said, `Okay, is the money there for the car? He said, `You have got a copy of my contract where I made her a loan and deposit slip; it is here.' I said, `Yes; but is the money guaranteed for the car? Again he said, `You have got a copy of the contract; yes, it was there for the car.'[1]
The bank officer disputed some of this testimony. Relying on this conversation, Long-Lewis accepted a personal check from Mrs. Reese for $5,680.00. The bank subsequently dishonored the check and informed Long-Lewis that the funds originally deposited to Mrs. Reese's account had been applied to the balance due on her loan from the bank under the default terms of its security agreement with her. Mrs. Reese disappeared, and subsequent efforts to recover the automobile or the sales price were unsuccessful.
Although the complaint alleged an action against the bank for fraud and misrepresentation, the case was submitted to a jury on the question of whether the loan funds placed in the account of Mrs. Reese constituted a "special" deposit to be used for the sole purpose of paying Long-Lewis for the automobile, thereby precluding the bank from applying the funds to the debt owed by Mrs. Reese. The jury found for Long-Lewis, and the Court of Civil Appeals, 363 So.2d 790 reversed the trial court. Certiorari was granted to review the decision of the Court of Civil Appeals.
The Court of Civil Appeals held that the judgment on the jury verdict should be reversed because of the following instruction refused by the trial court: *Page 772 
 11. The court instructs the jury that even if the account of Bonnie Reese with the bank is construed as a special deposit, the Defendant bank had the prior written consent of Bonnie Reese to withdraw said funds under the terms of its note from her.
We find the requested instruction was properly refused. The law is well settled in Alabama that an "even if" or "even though" charge is bad in form and may be properly refused, because it suggests to the jury that the court finds the supposition improbable. This invades the province of the jury. Blair v. St.Margaret's Hospital, 285 Ala. 636, 235 So.2d 668 (1970);Ballard v. State, 34 Ala. App. 543, 42 So.2d 471 (1949);Manistee Mills v. Hobdy, 165 Ala. 411, 51 So. 871 (1909);Western Union Telegraph Co. v. Gorman, 240 Ala. 482,199 So. 702 (1940); Louisville N.R. Co. v. Davis, 236 Ala. 191,181 So. 695 (1938).
Furthermore, the Court of Civil Appeals held that regardless of whether a special or general deposit existed as to the loan proceeds deposited in the Reese bank account, the terms of the security agreement governed and that by such terms, the bank was entitled to withdraw the loan proceeds from her account and apply them to the debt with the bank. We reverse and remand.
To determine the rights of the parties, the controlling issue is whether the loan proceeds in Mrs. Reese's account constituted a special deposit under the evidence in this case. The facts pertinent to the special deposit issue involve a transaction which occurred over a three-day period between Mrs. Reese, First City National, and Long-Lewis. It is undisputed that Mrs. Reese negotiated to purchase a particular automobile from Long-Lewis which culminated on September 24, 1975 when she obtained a form to apply for certificate of title; the application was completed and executed and it set forth a description of the automobile as well as designation of the bank as lienholder. The next day, Mrs. Reese contacted the bank about obtaining a loan for the automobile and presented the loan officer with the application for certificate of title. The loan officer agreed to make the loan, prepared a loan data sheet identifying the particular automobile, and the loan was completed with the execution of a security agreement, financing statement, and a deposit to her account of the loan proceeds of $5,680.00. On September 26, 1975 Long-Lewis accepted Mrs. Reese's personal check written on this account after the conversation between the Long-Lewis sales manager and the bank officer set out above.
The law in this state as to special deposits is that when money is placed in an account for a specific and particular purpose or to be paid to a particular person, a special deposit exists. First National Bank of Decatur v. Henry, 159 Ala. 367,49 So. 97 (1906). A deposit is special rather than general when there is specific direction, or agreement express or implied, that it be special or where there are circumstances sufficient to create a trust by operation of law. Kaufman v. FirstNational Bank of Opp, 493 F.2d 1070 (5th Cir. 1974). In FirstNational Bank of Ashland v. Prickett, 19 Ala. App. 204,95 So. 920 (1923), a bank made a loan to its customer who placed it on deposit under an agreement with a bank officer that it would be used for the special purpose of purchasing certain equipment from one Slaughter. Without this officer's knowledge, the bank honored a check the customer had previously given to a third party. The Alabama Court of Appeals held that Slaughter, as beneficiary of a deposit for a specific purpose, was entitled to the funds. Until the terms of the deposit were complied with the bank could not divert the funds to a different use.
It has been held that a special deposit creates a trust situation. "When a special deposit is made for some specific purpose, other than to be safely kept and returned to the depositor, though it partakes of the nature of a bailment, it is of a peculiar class and creates a trust." Collins v. MorganCounty National Bank, 226 Ala. 376, 147 So. 161, 162 (1933). A debtor-creditor relationship does not arise when special deposit is made and the bank acquires no title to the funds. The deposit funds remain *Page 773 
the property of the depositor or the beneficiary of the special deposit. Prickett, supra. Where there is an irrevocable appropriation of the special deposit funds to the debtor's obligation, and the debtor has parted with all control of the funds a trust is created, held by the bank as trustee and not as a fiscal agent. Creel v. Birmingham Trust National Bank,383 F. Supp. 871, 877 (N.D.Ala. 1974), aff'd, 510 F.2d 1363 (5th Cir. 1975).
The law is clear that where a deposit is made for a special purpose known to the bank, the bank has no right to appropriate the deposit to its own use as a setoff. Bank of Guntersville v.Crayter, 199 Ala. 599, 75 So. 7 (1917). The right of setoff exists only where with respect to both debt and deposit the bank and the depositor are in debtor-creditor relationship and there is mutuality of demands. Kaufman, supra; King v. Porter,230 Ala. 112, 160 So. 101 (1935). Where a bank holds special deposit funds as trustee there is no debtor-creditor relationship between the bank and its customer with regard to those funds and thus, no right of setoff.
We hold that the evidence in this case, although disputed in part, was sufficient to allow a jury to find that a special deposit was created for the purpose of paying for the particular automobile. The bank was informed by Mrs. Reese of the purpose for the loan; the application for certificate of title presented to the bank before the loan was consummated described the automobile as well as designated the bank as lienholder; the documents between the bank and Mrs. Reese likewise described the automobile and the purpose of the loan transaction. This evidence together with the testimony of the conversation between the Long-Lewis sales manager and the bank officer to the effect that the money "was there for the car" support the finding of a special deposit.
The Court of Civil Appeals held that by the terms of the bank's security agreement with Mrs. Reese it was entitled to withdraw the loan proceeds from her account and apply them to her debt upon default. They rely on the holding in GeorgiaNational Bank and Trust Company v. Hadarits, 221 Ga. 125,143 S.E.2d 627 (1965), that a written agreement between a bank and its customer authorized the right of setoff for payment of a debt owed the bank regardless of whether a deposit was general or special. A careful study of Hadarits and the principal authorities cited therein shows the decision to the effect that the security agreement controlled regardless of the nature of the deposit to be dicta. The Court in Hadarits said:
 We do not decide whether the circumstances under which the check was deposited with the bank's promise to pay checks held by the holder of a lien against the depositor's property, which was in the process of foreclosure but stopped upon the bank's promise, caused the deposit to be special, since the bank had a right to take it irrespective of whether the deposit was special or general. The bank's action was authorized by a written agreement with the depositor . . .
The Georgia Court held in Hadarits that the bank "took only that to which it was unquestionably entitled under its contract with the depositor" in accord with Macon National Bank v.Smith, 170 Ga. 332, 153 S.E. 4 (1930). The language set out above in reference to the nature of the deposit is superfluous to that holding. The Smith decision specifically involved an "ordinary deposit and checking account." The court, there, limited its decision to the bank's right of setoff against a general deposit pursuant to a written agreement with a depositor. Relying on this decision, the Hadarits Court held that the bank had a contractual right of setoff. However, its statement that the "bank had a right to take it irrespective of whether the deposit was special or general" is merely dicta in light of Smith.
In Hudson United Bank v. House of Supreme, Inc.,149 N.J. Super. 153, 373 A.2d 438 (1977), also cited by the Court of Civil Appeals in its opinion, certain deposits placed in reserve accounts were found to be general, and not special, and the bank could therefore apply them against debts owed by *Page 774 
the depositor. The court emphasizes, however, that if the deposits had been special, the bank would have had no right of setoff. A written agreement provided that "the accounts are to be held by the bank and applied to the payment of any paper or any obligation of House to the bank, whether due or not." When the depositor agreed to the creation of the accounts and permitted deposits to be made into these accounts, he contemplated their use as security against default on an obligation owed the bank. Likewise, in our case, upon default, the agreement between Mrs. Reese and the bank gave the bank rights in the automobile and the right to apply any funds of Mrs. Reese in the possession of the bank to her debt, provided the funds were not special. The reasoning by the New Jersey Court in Hudson supports this interpretation of the security agreement between Mrs. Reese and First City National Bank.
The authorities cited in the opinion of the Court of Civil Appeals establish a bank's right of setoff against deposits pursuant to a written agreement where the deposits are general. The written agreements in those cases gave the banks no greater right of setoff than the common law. They merely represented a contractual arrangement between the parties whereby upon default or insolvency the bank could apply accounts in its possession toward payment of an indebtedness. The common law limits setoff to general accounts, and the law is well settled in Alabama that the right of setoff does not exist where there is a special deposit. Crayter, supra.
In line with this reasoning, the security agreement in our case gives no greater right of setoff than the common law. The evidence was sufficient to support a finding of a special deposit, and therefore, the bank could not apply such special funds toward Mrs. Reese's indebtedness to the bank.
The decision of the Court of Civil Appeals is reversed and the cause remanded.
REVERSED AND REMANDED.
BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.
[1] Appellant, pursuant to Rule 39 (k) ARAP, requested certain additional statements of fact a part of which are herein set forth.