AMERICAN SECURITY BANK, a Hawaii corporation, Plaintiff-Appellee, *v.* DARYL W. KANESHIRO, and T & K, INC., dba SOMETHING FISHY, Defendants-Appellants

NO. 9697

(CIVIL NO. 2967)

SEPTEMBER 26, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by a Daryl W. Kaneshiro and T & K, Inc., from a judgment entered as a result of the granting of a motion for summary judgment in favor of American Security Bank. With respect to T & K, Inc., we affirm. With respect to Daryl W. Kaneshiro, we reverse and remand.

On summary judgment, the question is whether there were genuine issues of material fact.

Appellant Kaneshiro by affidavit and deposition produced evidence of the following facts: (1) He was the guarantor of a $5,000 line of credit arrangement between the appellee and the appellant corporation. (2) Appellant Kaneshiro was the principal in the corporation. (3) He was the person who dealt with appellee on the corporation's banking matters. (4) He made a determination to sell the corporation's business. (5) A $15,000 down payment deposit toward the purchase price of that sale was to be made to the corporation on approximately July 15, 1981. (6) He instructed appellee's employee Cecilia Ramones to use that money, when deposited by the corporation, to pay off the line of credit. (7) She agreed. (8) Later, when she was contacted by appellant Kaneshiro, she informed him that his instructions had been carried out. (9) Appellant Kaneshiro subsequently proceeded, as principal of the corporation, to make disbursements from the corporation's account for other debts on which he was not a guarantor. (10) Eventually the corporation's monies ran out and then it was discovered that the line of credit had not been paid off. Those facts, if proved at trial, would establish a good legal defense to the guarantee sued upon.

While there is no provision in the Uniform Commercial Code dealing expressly with the handling of deposits made on special instructions, the Code does provide in HRS § 490:1-103 that in the absence of an express provision in the Code, the general principles of the law merchant and of equity are applicable.

The law is clear that:

[W]hen money is placed in an account for a specific and particular purpose or to be paid to a particular person, a special deposit exists. [Citation omitted.] A deposit is special rather than general when there is specific direction, or agreement ex-

press or implied, that it be special or where there are circumstances sufficient to create a trust by operation of law. . . .

*First City Nat. Bank v. Long-Lewis Hardware*, 363 So.2d 770, 772 (Ala. Civ. App. 1978).

As has been said:

> The general rule is that a bank has a right of set-off against all monies or funds in its possession belonging to a depositor to secure the payment of the depositor's indebtedness to the bank. [Citations omitted.] However, the weight of authority on the issue of set-offs by banks recognizes a distinction between general deposits and special deposits. . . .

> Funds deposited in a bank for a special purpose which is made known to the bank or under a special agreement cannot be set off by the bank against a debt due to it from the depositor. . . .

*Hudson United Bank v. House of Supreme, Inc.*, 149 N.J. Super. 153, 373 A.2d 438, 440 (1977). A bank cannot knowingly accept a deposit for a particular purpose and then act to defeat the purpose for which that deposit was made. 10 Am. Jur.2d, *Banks* § 342 at 306-07 (1963). In an article appearing at 8 A.L.R.4th, *Special Bank Deposits – Attachment*, § 7 at 1006 (1981), it is stated:

> It has been held or recognized . . . that where there is a deposit in a bank for the purpose of paying the depositor's indebtedness to a particular creditor or creditors, the money thus deposited must be applied to the purpose for which it was deposited . . . .

Based on the record in this case, appellant Kaneshiro certainly had raised genuine issues of material fact, including the issue of whether there was a deposit for a special purpose. Accordingly, it was error for the court below to enter summary judgment against him. Reversed and remanded for further proceedings consistent herewith.

*Robert Mark Grinpas* for appellants.

*Calvin K. Morishige (Shiraishi & Yamada* of counsel) for appellee.