While I agree that the evidence in this case could be sufficient to establish actionable fraud, I disagree with the majority's characterization of the funds as a "special deposit." A special deposit exists only when funds are placed in an account for a specific and particular purpose, or to be paid to a particular person. First City National Bank of Oxfordv. Long-Lewis Hardware Co., 363 So.2d 770, 772 (Ala. 1978);First National Bank of Decatur v. Henry, 159 Ala. 367, 375,49 So. 97,100 (1906). There must be either a specific direction or agreement between the depositor and the bank that it be a special deposit, or circumstances sufficient to create a trust by operation of law. Kaufman v. First National Bank of Opp,493 F.2d 1070, 1072 (5th Cir. 1974). Otherwise, a deposit will be deemed a general deposit, subject to a legal setoff by the bank. A deposit is presumed to be general, and a party claiming the existence of a special deposit has the burden of proving it. Glenn Justice Mortgage Co. v. First National Bank of FortCollins, 592 F.2d 567, 570 (10th Cir. 1979); First NationalBank of Clinton v. Julian, 383 F.2d 329, 338 (8th Cir. 1967).
In this case, the only relevant statement by Mr. Willingham was that he was going to pay off his small debts. There is no evidence that Willingham provided the bank with a list of the small debts to be paid, or even any instructions as to how to determine what his small debts were. In fact, Willingham actually wrote checks for three new purchases after the deposit. Furthermore, the deposit did not differ from any previous deposits made by Willingham during the history of the account.
I do not believe that a single statement made by Willingham to an officer of the bank as to his intention "to pay my small bills I've got around" creates a specific direction or agreement to apply the funds only to a specific and particular
purpose. Likewise, mere notice by two bank officials as to what a customer intends to use his money for should not be sufficient to create a special deposit. I believe that more evidence of an understanding between the depositor and the bank must be present before a deposit can become a special deposit. It simply does not appear to me that the parties in this case came to any agreement that the advanced funds were to be isolated in deposit for a specific purpose.
For the foregoing reason, I disagree with that part of the opinion which characterizes Willingham's deposit as a special deposit.
MADDOX and HOUSTON, JJ., concur. *Page 326